Maryam Atighechi, Esq.  249318
*maryam@familylaw-firm.com*
ATIGHECHI LAW GROUP
9465 Wilshire Blvd., Suite 300
Beverly Hills, California 90212
Telephone: (424) 284-4258
Facsimile:  (310) 773-4541

Attorney(s) For Defendants,
CERTIFIED FORENSIC
LOAN AUDITORS, LLC, AND
ANDREW P. LEHMAN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>                Plaintiff,<br><br>     vs.<br><br>CERTIFIED FORENSIC LOAN AUDITORS, LLC, ANDREW P. LEHMAN, ET AL.,<br><br>                Defendants. | CASE NO.: 2:19−cv−07722<br><br>DEFENDANTS ANDREW LEHMAN AND CERTIFIED FORENSIC LOAN AUDITORS LLC NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS PENDING RESOLUTION OF A UNITED STATES SUPREME COURT DECISION<br><br>DATE:    December 9, 2019<br>TIME:    1:30 p.m.<br>DEPT.:   5D<br>JUDGE:  Honorable Judge Otis D. Wright II |

**TO THE CLERK OF THE COURT OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on Monday, December 9, at 1:30 p.m., or as soon thereafter as the parties may be heard, in the Courtroom of the Honorable Otis D. Wright II in Courtroom 5D of the United States District Court, Central District of California located at 350 W. 1st Street, Los Angeles, CA 90012, 5th Floor, Los Angeles, CA 90012-3332, Defendants Andrew Lehman ("Lehman") and Certified Forensic Loan Auditors LLC ("CFLA"), a Texas Company (erroneously sued as a CA

corporation) will, and hereby do, move this Court for a Stay Pending the United States Supreme Court Decision in *CFPB v. Seila Law LLC,* Case No. 19-7, 2019 U.S. LEXIS 6486 (cert. granted on October 18, 2019). This motion is made following conferences of counsel, pursuant to C.D. Cal. R. 7-3, which took place on October 28, 2019, October 29, 2019, October 30, 2019 and November 1, 2019.

This Motion requests a Stay of all proceedings as a Writ of Certiorari was granted for review on October 18, 2019 in *CFPB v. Seila Law LLC*, on the controlling issues of: (1) Whether the vesting of substantial executive authority in the Consumer Financial Protection Bureau, an independent agency led by a single director, violates the separation of powers; and  (2) whether, if the Consumer Financial Protection Bureau is found unconstitutional on the basis of the separation of powers, 12 U.S.C. §5491(c)(3) can be severed from the Dodd-Frank Act. *supra*, No. 19-7, 2019 U.S. LEXIS 6486.

The issues before the United States Supreme Court are substantially similar as the constitutionality of the CFBP is at issue potentially rendering *all* of its actions in this matter void if the structure of CFPB is found to violate the separation of powers. The United States Supreme Court must first provide guidance on the issue of the constitutionality of the CFPB before this case could proceed.  The balance of hardship weighs heavily in favor of a stay.

The Motion is based on this Notice, the Memorandum of Points and Authorities attached hereto, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented at, or in connection with, the hearing.

Dated:  November 4, 2019                      ATIGHECHI LAW GROUP, PC



                                                        By:/s/ Maryam Atighechi_____
                                                        Maryam Atighechi, Esq.,
                                                        Counsel for Defendants Andrew Lehman and
                                                        Certified Forensic Loan Auditors, LLC

1

# TABLE OF CONTENTS

2

3    I.    PROCEDURAL BACKGROUND…………….…………………....1

4    II.   LEGAL STANDARD FOR REVIEW…..………….…….……………2

5    III.  PROCEDURAL HISTORY……………………...….……………………3

6

7         A.    THE UNITED STATES SUPREME COURT IS SET TO
              HEAR A SUBSTANTIALLY SIMILAR CONTAINING

8              THE SAME LEGAL ISSUES…………………….……….4

9

10        B.    THE COMPETING INTERESTS WEIGH VERY HEAVILY
              IN DEFENDANTS' FAVOR………………………..……….5

11

12              i.    This Court's Granting of a Stay Will Not Cause
                    Any Damage to Plaintiff, but a Refusal to Grant this

13                  Stay will Cause Extreme Damage to Defendants,
                    Waste of Judicial   and Economic Resources, and

14                  Deprive Defendants of their Constitutional Rights…..……6

15

16              ii.   A Denial of the Stay Will be a Constitutional Violation
                    on the Part of Defendants as the CFPB Director is an

17                  Unconstitutional Agent. The United States Supreme
                    Court Must First Provide Guidance on the Issue…….……6

18

19              iii.  The Orderly Course of Justice is Furthered by this Court
                    Granting a Stay of the Proceedings, Measured in Terms of

20                  the Simplifying or Complicating of Issues, Proof, and
                    Questions of Law Which Could be Expected Result from a

21                  Stay………………………………………………………...9

22

23        C.    PLAINTIFF CFPB CAN SHOW NOW IRREPERABLE
              HARM………………………………………………………..10

24

25        D.    STAYS HAVE BEEN REQUESTED AND GRANTED WITH
              CFPB AS A PLAINTIFF PENDING RESULTION OF THE

26            SUPREME COURT CASE…………...………………………10

27

28   IV.   CONCLUSION…………….……………………..…………………....11

1
2

# TABLE OF AUTHORITIES

3    *CFPB v. Seila Law LLC,*
4    Case No. 19-7, 2019 U.S. LEXIS 6486……………………………………….……..…1,2,9

5

6    *CFPB v. Seila Law LLC,*
7    Case No. 8:17-cv-01081-JLS-JEM…………………………………….………2,6

8

9    *Consumer Financial Protection Bureau v. Siela Law LLC*,
10   Rsp. Brief, U.S.C. No. 19-7 (2019)……………….…………………………..……3

11

12   *Landis v. North American Co.*,
13   299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936)…………………………………...…..4,9

14

15   *Cmax, Inc. v. Hall*,
16   300 F.2d 265, 268 (9th Cir.1962). ………………………...………..…………4,5

17

18   *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC,*
19   No. 12-cv-704, 2014 WL 12576648, (D. Haw. Jan. 14, 2014)……………………..6.7

20

21   *Ali*, 2017 WL 1057645……………………………………….………………6

22

23   *Leyva v. Certified Grocers of California, Ltd.*,
24   593 F.2d 857, 863 (9th Cir. 1979)………………………………………...…..9

25

26   *Hawaii v. Trump*,
27   No. 17-cv-50, 2017 WL 536826, at 4 (D. Haw. Feb. 9, 2017)………………….…..9

28

*CFPB et al. v. RD Legal Funding LLC et al.,*

18-3156, ( 2nd Cir. 2018, doc. 129)……………………………………………………10

*Consumer Financial Protection Bureau v. Cash Call Incl.,*

2019 U.S. App. LEXIS 31720………………………………………………...…..11

## I.   PROCEDURAL BACKGROUND

Plaintiff, Bureau of Consumer Financial Protection (hereinafter "CFPB") served Defendant's Certified Forensic Loan Auditors, LLC (hereinafter "CFLA") and Andrew Lehman (hereinafter "Lehman") with a Civil Information Demand (hereinafter "CID") on or about August 8, 2017 demanding CFLA and Lehman to respond to Interrogatories & Production of Documents, namely all Bloomberg Securitization Audits & Quiet Title Forms prepared for Attorneys from the time period July 1, 2014 until July 1, 2017.  A second CID was served upon CFLA and Lehman in or about late 2018 to Produce Further Documents and a Notice to Appear for Deposition at the United States Attorney's Office in Houston, TX.

The CFPB director issued a Notice and Opportunity to Response and Advise ("NORA") letter outlining purported legal violations that it summarily determined as against CFLA.  CFLA responded with affirmative defenses that absolve Defendants of liability. The CFPB rejected the reasons set forth and filed the instant Complaint for Permanent Injunction and Damages on September 9, 2019, to which this motion is being brought.

Similarly, in *Seila Law*, a civil enforcement action was filed against defendants-appellants, who responded with a motion for judgment on the pleadings on the grounds that the CFPB structure was unconstitutional.  This Court granted interlocutory appeal on the issue of CFPB's constitutionality.  The United States Supreme Court granted the Petition for Certiorari on October 18, 2019.  *CFPB v. Seila Law* No. 19-7, 2019 U.S. LEXIS 6486.

The issues before the court are:

(1) Whether the vesting of substantial executive authority in the Consumer Financial Protection Bureau, an independent agency led by a single director, violates the separation of powers; and

(2) whether, if the Consumer Financial Protection Bureau is found unconstitutional on the basis of the separation of powers, 12 U.S.C. §5491(c)(3) can be severed from the Dodd-Frank Act.  *Id.*

1    On September 17, 2019, the Director of the CFPB conceded that "the statutory
2    restriction on the President's authority to remove the Director violates the
3    constitutional separation of powers." *Consumer Financial Protection Bureau v. Siela*
4    *Law LLC*, *Id.* at Rsp. Brief, U.S.C. No. 19-7 (2019).

5    The questions presented in *Seila Law* are presented in this case.  (See Defendant
6    CFLA and Lehman's Fed. Rule 12b (6) Mot. filed concurrently) The Supreme Court's
7    decision in *Seila Law* will control this Court's resolution of an issue presented in this
8    case.  The Court must stay this action pending ruling from the United States Supreme
9    Court as a determination on the constitutionality of the CFPB must first be established.

## II.    LEGAL STANDARD FOR REVIEW

11   "The power of stay proceedings is incidental to the power inherent in every court
12   room to control the disposition of the causes on its docket with economy of time and
13   effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S.
14   248, 254, 57 S.Ct. 163, 166 (1936).   "How this can best be done calls for the exercise
15   of judgment, which must weigh competing interests and maintain an even balance."
16   *Id.* at 354-355, 166.  When deciding whether to grant a motion to stay, the court will
17   consider "the possible damage which may result from granting of a stay, the hardship
18   or inequity which a party may suffer in being required to go forward, and the orderly
19   course of justice measured in terms of the simplifying or complicating of issues, proof,
20   and question of law which could be excepted to result from a stay." *Cmax, Inc. v. Hall*,
21   300 F.2d 265, 268 (9th Cir.1962).

22   The Ninth Circuit has described various factors that should be considered when
23   evaluating a motion to stay: "Where it is proposed that a pending proceeding be stayed,
24   the competing interests which will be affected by the granting or refusal to grant a stay
25   must be weighed. Among these competing interests are:

26   (1) the possible damage which may result from the granting of a stay,

27   (2) the hardship or inequity which a party may suffer in being required to go
28   forward, and

4

(3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."   *Id. at* 300 F.2d 265, 268 (9th Cir. 1962); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); Levya, 593 F.2d at 864.

The question is *"where such a stay is considered, the court need not find that the two cases possess identical issues or that resolution of one will control the other; a finding that the cases present substantially similar issues is sufficient." Id.*

## A. THE UNITED STATES SUPREME COURT IS SET TO HEAR A "SUBSANTIALLY SIMILAR" CASE CONTAINING THE SAME "LEGAL ISSUES"

The California Central District Case of *CFPB v. Seila Law, LLC* (8:17-cv-01081-JLS-JEM), involves the same Plaintiff CFPB enforcing the Defendant, Seila Law, LLC to produce documents by court action after Seila Law failed to respond to the CFPB's CID.  Seila Law, LLC filed an opposition to the CFPB's Court Action, claiming that the CFPB is unconstitutional, violates the Separation Clause of the Constitution and has no authority from which to issue a CID or pursue any claim.  Seila Law's Opposition was denied by the Honorable Judge Josephine L. Staton, in the Central District of California District Court, and the Defendant Appealed to the 9th Circuit Court, which was denied (Case No. 17-56324, 9 Cir. 2019).  Seila Law LLC then filed a Petition for Writ of Certiorari to the United States Supreme Court which was granted on October 18, 2019.  *supra* No. 19-7, 2019 U.S. LEXIS 6486

Similarly, the CFBP issued a CID, NORA letter then filed this instant action against Defendants seeking monetary damages and an injunction.  In Defendants F.R.C.P Rule 12b (6) Motion to Dismiss, Defendants raise the same issue that this case must be dismissed as CFPB has no legal basis for which to bring these claims as its establishment is unconstitutional.

## B. THE COMPETING INTERESTS WEIGH VERY HEAVILY IN DEFENDANTS' FAVOR.

There is no greater prejudice to an individual within the judicial system than to have his or her constitutional rights violated.  Granting a stay of all proceedings in the

instant matter would ensure Defendants constitutional rights are not impeded upon and promote judicial efficiency.  As the CFPB has now admitted its unconstitutional, the entire statute 12 U.S.C. 5491 which establishes the CFPB could be stricken from the Dodd Frank Act resulting in a dismissal of all claims.  This entire case turns on the United States Supreme Court's ruling and thus must be stayed pending full and final resolution of the fate of the CFPB by the United States Supreme Court.

Further, granting the stay will further judicial economy, simplify competing issues of law, favor the balance of damages and hardships of the parties, and promose a prompt resolution of this matter after these controlling issues of law are clarified by the United States Supreme Court.  A stay will promote reasonable and equitable standards of jurisprudence upon which our legal system was established.

>     **i.    This Court's Granting of a Stay Will Not Cause Any Damage to Plaintiff, but a Refusal to Grant This Stay Will Cause Extreme Damage to Defendants, Waste of Judicial and Economic Resources, and Deprive Defendants of their Constitutional Rights.**

District courts routinely stay proceedings where resolution of an appeal in another matter may provide guidance to the district court in deciding issues before it. *See Landis*, 299 U.S. at 254; see, granting stay where Ninth Circuit's resolution of related cases "would likely involve an analysis of" issues that would "provide further guidance" to the district court; *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC,* No. 12-cv-704, 2014 WL 12576648, (D. Haw. Jan. 14, 2014) (same). This approach not only "preserve[s] resources for both the parties and the Court," id., but also "reduce[s] the risk of inconsistent rulings that the appellate court might then need to disentangle," *Ali*, 2017 WL 1057645.  The additional time to wait out a "ripe issue for Constitutional review" causing a brief delay to clarify the legal landscape will not harm Plaintiffs. *See Washington v. Trump, 2017 WL 1050354, Unitek Solvent*, 2014 WL 12576648.

In stark contrast to the huge, and potentially wasteful drain on resources, along with the potential for the extreme violation of Defendants' constitutional rights, and

1  that the CFPB could potentially cease to exist as its entire establishment could be
2  stricken after the United States Supreme Court ruling, the CFPB will not suffer any
3  harm nor will there be a harm to consumers.  A securitization audit is about $500 and
4  it identifies the securitized trust of the loan, similar to a Title search, that is all a
5  Securitized Audit is. Any harm the CFPB could conceive of is minimal to that of
6  Defendants.

7       If this Motion for Stay is denied, Defendants would be forced to litigate the
8  matter while their constitutional rights are violated if the Supreme Court decides that
9  the establishment of the CFPB encroaches on the separation of powers; there is no
10  greater prejudice.  Absent a dismissal of the instant action, a stay is the alternative to
11  ensure preservation of the Defendant's constitutional rights, judicial efficiency and
12  allowing the United States Supreme Court to narrow the scope of issues.  As to allow
13  a "self-proclaimed" unconstitutional agency to proceed with its claims against the
14  Defendants herein would be a huge constitutional deprivation of liberties as the CFPB
15  could be found to be unable to issue a CID, issue NORA letters or prosecute claims.
16  Given the severity and complexity of the issues on appeal to the United States Supreme
17  Court that are common questions of law in this present action, the admission by the
18  CFPB that it is unconstitutionality, and the resulting effect a ruling would have on the
19  instant matter, this stay must be granted to avoid serious deprivations of Defendants'
20  constitutional rights.

21       There is no harm to Plaintiffs or the consumer in granting a stay of the instant
22  matter.  CFPB waited almost four (4) years from the time it had gathered all the
23  discovery in response to the CID to the time it brought this instant action, and for three
24  (3) of those years it sat by inactive not pursuing CFLA.  This shows that there is no
25  immediate concern or irreparable harm should the court grant a stay until the United
26  States Supreme Court issues its ruling.  The CFPB sat idle for about three (3) years
27  because there is no injury to consumers.  CFPB failed to establish any injury in its
28  complaint. CFLA sells Securitization Audits, legal complaint packages to Lawyers (i.e
  paralegal services to lawyers) and holds state bar approved MCLE courses and training

1    seminars.   Under those circumstances, Plaintiff could not plausibly claim it has
2    suffered a harm or the consumer will suffer harm from a stay.  CFPB filed this instant
3    action for the sole purpose of preserving the tolling of the Statute of Limitations, and
4    the CFPB cannot establish any substantial injury to the consumers that would result
5    from a stay.

6          Even if Plaintiffs could conceive of some harm, it would not outweigh the harm
7    to Defendants from denying a stay—particularly in light of the significant legal issues
8    before the United States Supreme Court that are central to the issues of the instant case.
9    This requires at least a stay of the proceedings or alternatively for immediate dismissal.
10   The injury or harm to Defendants is paramount and far superior to any purported harm
11   the CFPB could allege.   Defendants constitutional rights are at stake, CFPB could
12   potentially not having standing to bring this claim raising a subject matter issue claim
13   and Defendants would have to incur further legal expenses and costs litigating a case
14   that could result in a dismissal based on a United States Supreme Court ruling.  The
15   irreparable harm to Defendants would be great.

16

17          ii.    **A Denial of the Stay Will be a Constitutional Violation on the Part of
18          Defendants as the CFPB Director is an Unconstitutional Agent. The
19          United States Supreme Court Must First Provide Guidance on the
             Issue.**

20          In addition to simplifying the issues, proof, and questions of law that will likely
21   arise as this case proceeds, a stay also will eliminate the hardship and inequity that
22   Defendants would otherwise suffer in being required to go forward without guidance
23   from the United States Supreme Court on a controlling issue of law.    This matter
24   cannot proceed until the issue of CFPB's constitutionality of its establishment clause
25   is determined.  Defendants have raised the issue that the CFPB is unconstitutionally
26   structured in their F.R.C.P Rule 12b (6) motion to dismiss and that issue needs to be
27   decided.  Given the same issue is on appeal with the United States Supreme Court the
28   court must stay this case pending the United States Supreme Court decision in *CFPB*

8

1    *v. Seila Law LLC* Case No. 19-7, 2019 U.S. LEXIS 6486 (cert. granted on October 18,

2    2019).

3

4          **iii.**    **The Orderly Course of Justice is Furthered by this Court Granting a**

                      **Stay in the Proceedings, Measured in Terms of the Simplifying or**

5                          **Complicating of Issues, Proof, and Questions of Law Which Could be**

6                          **Expected to Result from a Stay.**

7

8          As to the last factor, courts frequently grant stays when resolution of another

9    action may "bear upon the case," because a stay is most "efficient for [the court's] own

10   docket and the fairest course for the parties." *Leyva v. Certified Grocers of California,*

11   *Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Where such a stay is considered, the court

12   need not find that the two cases possess identical issues or that resolution of one will

13   control the other; a finding that the cases present substantially similar issues is

14   sufficient. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva*, 593 F.2d at 864.

15   "Considerable . . . resources may be wasted if the appellate court's controlling decision

16   changes the applicable law and as a result this Court must wait for the Decision from

17   the USSC "pending the outcome of appellate proceedings would facilitate the orderly

18   course of justice." *Hawaii v. Trump*, No. 17-cv-50, 2017 WL 536826, at 4 (D. Haw.

19   Feb. 9, 2017). The Court in the *Hawaii v. Trump,* concluded that *"[t]he more efficient*

20   *course" was to "wait for a decision from the Ninth Circuit…, which may resolve the*

21   *primary issues." Id*. The Court could then *"resolve any remaining issues in this case*

22   *with the benefit of the Ninth Circuit's analysis." Id.*

23         As here, the higher court is handling issues in *Seila, Law, LLC* that are so

24   fundamentally important to the instant case (i.e. whether the Plaintiff has the authority

25   to bring the instant action), that the Defendants would be wrongfully prosecuted in the

26   instant matter absent a stay of the proceedings. Further, the Defendants Constitutional

27   Rights would deprived by being forced to answer to an unconstitutional entity that

28   violates the separation of powers- *there is nothing more important at stake*. Allowing

the U.S. Supreme Court to make its ruling is fundamental to the orderly course of

1    justice and will clarify issues of law that are unresolved concerning matters at the very

2    core of this case.  If this Court grants this Motion to Stay all proceedings it will further

3    juridical economy, simplify matters of proof and existing questions of law.

4              **C.    PLAINTIFF CFPB CAN SHOW NO IRREPARABLE HARM**

5          The CFPB did not seek any emergency injunctive relief in the instant action as

6    there is no injury to homeowners.  CFLA provides informative material, conducts

7    training seminars and holds State Bar Approved MCLE's.   There has never been an

8    irreparable harm to consider by the CFPB and it has failed to allege any irreparable

9    harm in its complaint.   There is no reason to immediately enjoin the Defendants

10   conduct. Likewise, there is no irreparable harm, to the public from CFLA continuing

11   its business operations while a stay of these proceedings commences.  The CFPB has

12   had all the evidence that CFLA provided for almost its fourth (4) year of investigation

13   and has not acted upon it until recently filing the instant complaint for damages and

14   injunctive relief.  Furthermore, if substantial injuries to consumers existed, CFPB

15   would not have waited nearly four (4) years to bring this action even though the

16   CFPB has had Defendants entire document production and Interrogatory Responses

17   for more than three (3) years.

18             **D.    STAYS HAVE BEEN REQUESTED AND GRANTED WITH**
19                   **CFPB AS A PLAINTIFF PENDING RESOLUTION OF**
                    **THE SUPREME COURT CASE**

20         The CFPB argued in an October 22, 2019 filing that postponing the oral

21   argument planned for Nov. 21, 2019 and waiting for a ruling in the United States

22   Supreme Court decision in *Seila Law LLC v. Consumer Financial Protection Bureau*

23   would *"*conserve judicial resources" and help out with the court's consideration of the

24   *RD Legal* case, given that it likewise involves a constitutional challenge to the agency's

25   structure.  *Id. at* No. 19-7, 2019 U.S. LEXIS 6486 (cert. granted on October 18,

26   2019)*;CFPB et al. v. RD Legal Funding LLC et al.,* 18-3156, ( 2nd Cir. 2018, doc. 129)

27   In the instant matter the same logic applies and the CFPB Complaint must be stayed

28   until resolution of the US Supreme Court Decision.

On October 21, 2019, the Court of Appeals in *Consumer Financial Protection Burueau v. CashCall* withdrew submission of the appeal, and stayed all proceedings pending the United States Supreme Court decision in *Seila Law LLC v. Consumer Financial Protection Bureau* No 19-7, 2019 U.S. LEXIS 6486 (cert. granted on October 18, 2019); *Consumer Financial Protection Bureau v. Cash Call Incl.*, 2019 U.S. App. LEXIS 31720.

## IV.   CONCLUSION

Given the balance of hardships and equities favoring the grant of a stay, the extreme legal and judicial waste of resources, the interests of the simplification of issues, proof, and questions of law,  and the potential for serious constitutional deprivations of liberty on the Defendants contrasted with the diminish harm that may result to the CFPB in the granting of a stay, given their Investigation is nearing its fourth (4th) year since service of its first CID on the Defendants, combined with the Plaintiff's failure to demonstrate any substantial harm to the consumer; this Court should grant the Defendant's a Full and Final Dismissal in the instant matter, or alternatively grant Defendants' Motion to Stay all Proceedings in this matter pending the full and final resolution of the United States Supreme Court in the Matter *of Seila, Law, LLC, supra* at No. 19-7.

Dated:  November 4, 2019                    Respectfully submitted,


                                                    _____/s/ Maryam Atighechi
                                                    By: Maryam Atighechi, Esq.
                                                    ATIGHECHI LAW GROUP
                                                    Attorney(s) For Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record listed below by the Central District of California ECF method or by certified mail, return receipt requested on the 4th day of November 2019.

Plaintiff CFPB

1.   Benjamin Vaughn, Esq
     Gabriel Hopkins, Esq.
     1700 G Street, NW
     Washington DC 20552
     Benjamin.vaughn@cfpb.gov
     Gabriel.hopkins@cfpb.gov

Defendant Michael Carrigan
Michael.carrigan@rocketmail.com

2.   Leanne E. Hartmann, Esq.
     301 Howard St.
     Suite 1200 San Francisco, CA 94105
     Leanne.hartmann@cfpb.gov