Maryam Atighechi, Esq.  249318
*maryam@familylaw-firm.com*
ATIGHECHI LAW GROUP
9465 Wilshire Blvd., Suite 300
Beverly Hills, California 90212
Telephone: (424) 284-4258
Facsimile: (310) 773-4541
Attorney(s) For Defendants,
CERTIFIED FORENSIC
LOAN AUDITORS, LLC (TX) AND
ANDREW P. LEHMAN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, | CASE NO.: 2:19−cv−07722 |
| Plaintiff, | Notice of Motion and Motion to Quash the FRCP Rule 45 Subpoenas Issued by The Plaintiff Bureau of Consumer Financial Protection, on (4) Non-Party's Jeffrey Jackson, Esq,. Chad Elrod, Esq., Patricia Rodriguez, Esq., and Andrea Fiore |
| vs. | |
| CERTIFIED FORENSIC LOAN AUDITORS, LLC, ANDREW P. LEHMAN, ET AL., | |
| Defendants. | Date:  March 17, 2020 Time: 10:00 a.m. Dept:  640 Honorable Judge John E. McDermott |
| **DISCOVERY MOTION** | |

PLEASE TAKE NOTICE THAT on Tuesday, March 17, 2020 at 10:00 a.m., or as soon thereafter as the parties may be heard, in the Courtroom of the Honorable John E. McDermott in Courtroom 640 of the United States District Court, Central District of California located at 255 E. Temple Street, Los Angeles, CA 90012, 6th Floor, Los Angeles, CA 90012-3332, Defendants Andrew Lehman and Certified Forensic Loan Auditors LLC ("CFLA") will, and hereby do, move this Court the Quash the F.R.C.P

1

Rule 45 Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action issued by Plaintiff Bureau of Consumer Financial Protection ["CFPB"] against non-party witnesses, Patricia Rodriguez, Esq., Chad Elrod, Esq., Jeff Jackson, Esq., and Andrea Fiore as the documents requested are equally available through Defendants, the CFPB has not exhausted efforts to obtain the same documents from Defendants and the subpoenas impose an undue burden upon the non-party witnesses.  The parties engaged in the Local Rule 37-2 meet and confer conference on February 6, 2020 and a joint stipulation is filed concurrently.

## I.    INTRODUCTION

The CFPB has issued subpoenas to four (4) individuals who have all worked for, or continue to work for Defendants, and the documents being requested are equally available to the CFPB by way of discovery request to the Defendants in the instant action.  The subpoenas were issued to the following persons:

1. Chad Elrod, Esq., a former Independent Contractor and client of CFLA;
2. Patricia Rodriguez, Esq. a client of CFLA;
3. Jeff Jackson, Esq. a client of CFLA and
4. Andrea Fiore, an Independent contractor of CFLA

The documents requested are the same as to all non-party's witnesses, pertain to Defendants and are as follows:

1. All communications with CFLA, or any Person working on CFLA's behalf, regarding:

   a. the marketing, production, use or sale of Securitization Audits or Quiet Title Packages;

   b. The Bureau's investigation into CFLA's business practices;

   c. The lawsuit filed by the Bureau against CFLA and Andrew Lehman: BCFP v. CFLA, et al, Case No. 19-cv-07722(C.D.Cal)

The subpoena duces tecum to Andrea Fiore requests documents in addition to the above, which, again, pertain to Defendants as follows:  2.  Recordings of all telephone calls between CFLA and customers; 3.  CFLA's website files, including all back up data and prior iterations of CFLA's websites and 4.  Communications with CFLA, or any Person working on CFLA's behalf regarding changes to the CFLA website.

Given the documentation sought stems from communication with CFLA and/or pertains to CFLA, a Defendant in this action, the information sought is equally available to CFPB through Defendants and CFPB must first request the documents from Defendants before they can issue a subpoena to non-party witnesses as it is an undue burden to non-parties.

Moreover, the CFPB issued to all the non-party witnesses a demand for compliance of production in which the documents have to be produced in a very specific, time consuming and burdensome manner (See Exhibit F).  The parties should only be required to comply with the Federal Rules of Civil Procedure and not the burdensome requirements of CFPB in which the format of production issued by CFPB requires very strict compliance, specifications, formatting, and manner in which the documents must be produced from non-party witnesses; this creates an undue burden. These are individuals who may not have the technology to comply with the format requests of the CFPB.  Per, Rule 45 (d) (1) the issuing party may not create an undue burden upon a non-party witness.  The compliance requirement creates an unnecessary undue burden.  The CFPB should endure its own expense necessary to reformat and identify the documents with respect to its own standards.

Further, as stated in Defendants motion for protective order, CFPB is an unconstitutional agency upon which has no standing to pursue discovery on Defendants, issue subpoenas or even prosecute the case.  Defendants assert their right, and the rights of the subpoenaed non-parties as the subpoena issued is a violation of the constitutional rights of all involved, including non-party witnesses.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 26(4)(b)(2)(b), relating to the general scope and limits of discovery, expressly acknowledges that a court may limit discovery if it determines that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. F.R.C.P expressly provides: "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of *Rule 26(b)(2)(C)"* "The need for discovery in……..proceeding is diminished when the information is available elsewhere. Consistent with this authority, a federal district court can properly require a party to seek discovery from its party opponent before burdening a nonparty." *Haworth, Inc. v. Herman Miller Inc.*, 998 F.2d 975.

*Perry v. Schwarzenegger, 591 F.3d 1126, 1141 (9th Cir. 2010)* (emphasis added).   Furthermore, the discovery request must be "carefully tailored to avoid unnecessary interference with protected activities, and the information must be otherwise unavailable." Id.

A court may quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." *Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv).  See, e.g., Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 814 (9th Cir. 2003)*.

Lastly, Federal Rules of Civil Procedure 45 (d)(1) mandates an issuing party to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena."  All supporting case law that provides that a party who issues a subpoena to a non-party requesting documents that are readily available from a party creates an undue burden on the non-party and there must first be an attempt to obtain the documents from the party before the subpoena can be issued. *Dart Indus. Co., Inc.*

*v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery restrictions may be even broader where target is nonparty); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (D.C. Cir. 1993) *Moon v. SCP Pool Corp* (2005) 232 F.R.D. 633.

### III.   The Document Requests All Pertain to Defendants and Are Equally Available to the CFPB through Defendants.

The Rule 45 non-party subpoenas request documents that are in Defendants possession and thus is unnecessary to burden the Rule 45 witness, whom are also clients of CFLA, to a subpoena.   All the documents the CFPB request pertain to Defendants and therefore are in the possession of Defendants.   In fact, CFPS most likely has these documents as the CFPB conducted a 2-year investigation under a Civil Investigation Demand ("CID") and obtained all of Defendants emails from 2014 onward.   The relevant time period of the subpoena is from 2014 to present day and was covered in the CID.   Defendants already provided CFPB with over 50,000 emails from 2014 to 2017 and those emails must contain communication with the non-parties who have been subpoenaed.

Moreover, the CFPB must first attempt to obtain the documents from Defendant rather than imposing an undue burden on nonparty Patricia Rodriguez, Esq., Jeff Jackson, Esq., and Chad Elrod, Esq.   *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery restrictions may be even broader where target is nonparty); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (D.C. Cir. 1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than nonparty). [Since plaintiffs have not shown they have attempted to obtain these documents from Defendant, the Court finds that, at this time, requiring nonparty to produce these documents is an undue burden on nonparty.] The CFPB has not shown that they attempted to obtain the same documents first from Defendants.   The CFPB should have the documents from CID but if it declares that it does not then it must then try to obtain the documents from Defendants before it imposes an undue burden upon the non-party witnesses.   In fact, at no time has the

CFPB addressed the issue to Defendants as to whether it has the documents it seeks from the non-parties and at no time as the CFPB tried to obtain the same documents Defendants.  Rather the CFPB does it what it does best and bestow upon innocent persons a burdensome, oppressive investigatory discovery.

The case is similar to *Moon v. SCP Pool Corp.*, wherein the court held that subpoenaed documents that are readily available by way of a party imposes an undue burden on the non-party.  *Id.* at (2005) 232 F.R.D. 633.  Further, the court in *Moon* found that a ten-year time period for document production was overly burdensome. Similarly, the CFPB requests documents from 2014 to present day creating an overly oppressive and burdensome request on non-parties over a six-year time frame.

**IV.   The CFPB Has an Unduly Burdensome Compliance Demand on Non-Party Witnesses.**

Federal Rules of Civil Procedure 45 (d)(1) mandates an issuing party to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena."

Attached to this Motion to Quash is a "Discovery Request Document Submission Standards" issued by CFPB office of enforcement that is attached to every subpoena.  The compliance demand is just as intimidating and overwhelming as it looks on its face forcing non-party witnesses to comply with "Transmittal Instructions"  that have a long list of demands such as the documents mut be bate stamped in a certain identification format, labeled in a certain format,  with detailed specifications such as "ISO 9660" and "USB 3.0 or USB 3.0/eSATA external hard drives, formatted in Microsoft Windows-compatible file system (FAT32 or NTFS), uncompressed data are "acceptable."  This is just an example.  The long list of specifications and demands for compliance goes on for 10 pages.  The demand requires all documents to be in "native format."  Most people do not even know what native format or image production format is to comply with.  This would be complicated and burdensome to an IT specialist, let alone an individual, with standard knowledge of computers and electronic documents.

The non-parties should not be forced to go through this burdensome production as they are not even a party to this action.  The court should protect the non-parties, quash the subpoenas or in the alternative quash the CFPB's Discovery Request Document Submission Standards and order the non-parties to comply only with the Federal Rules of Civil Procedure rules on document production.

Further, the F.R.C.P 26(4)(b)(2)(b) provides parties protection with respect to discovery and electronically stored information and provides:  "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of *Rule 26(b)(2)(C)."* If a party does not need to comply with stored information that is not reasonably accessible because of undue burden or costs, then a non-party should not be required to comply either.  No one knows how to comply with the extensive, burdensome and oppressive compliance demand attached at Exhibit F issued to all non-party witnesses.  The court should quash the subpoenas and not require the non-party individuals to be further burdened with these requests.

## V. The CFPB Lacks Capacity to Issue Subpoenas.

This case runs aground because the CFPB lacked capacity to file it. As the party invoking federal jurisdiction, the CFPB must establish the right and power to bring its claim. *Cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 (1992). Capacity to sue is a fundamental component of that right [to bring a claim invoking federal subject matter jurisdiction].  However, because the CFPB was unconstitutional at the time it brought suit against Defendants, the CFPB lacked such capacity. Severance of *Section 5491(c)(3)* cannot salvage the CFPB's proceeding herein because it cannot solve that problem.

"A party that raises a "timely challenge" to the constitutional validity of the structure of an agency is entitled to "whatever relief may be appropriate if a [constitutional] violation indeed occurred." *Ryder v. United States*, 515 U.S. 177, 182-183 (1995). In a wide variety of contexts, the Court has set aside actions by officers laboring under structural constitutional defects. See, *e.g., Lucia v. SEC*, 138 S. Ct. 2044, 2055-2056 (2018); *Stern v. Marshall*, 564 U.S. 462, 503 (2011); *Ryder*, 515 U.S. at 188; *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 87-88 & n.40 (1982). *Bowsher v. Synar*, 478 U.S. 714, 106 S. Ct. 3181 (1986).

In particular, because an agency with a structural constitutional defect lacks the authority to take executive action, any exercise of executive power by the agency is void. See *FEC v. NRA Political Victory Fund*, 6 F.3d 821, 822, 828 (D.C. Cir. 1993), cert. granted, 512 U.S. 1218, and cert. dismissed, 513 U.S. 88 (1994); see also *Noel Canning v. NLRB*, 705 F.3d 490, 493 (D.C. Cir. 2013), aff'd, 134 S. Ct. 2550 (2014) . That principle applies with full force to the exercise of power by an officer who has been impermissibly insulated from removal by the President. Article II vests the entire executive power in the President and charges him with ensuring the proper administration of the laws. If the President lacks the ability to remove an agency's head, the agency is unaccountable and cannot be "entrusted with executive powers." *Bowsher*, 478 U.S. at 732.

Given the CFPB is an unconstitutional agency it lacks standing to even issue the subpoenas and prosecute the claim.  The CFPB conceded to its unconstitutionality therefore there is no issue as whether the CFPB is unconstitutional. The CFPB *is* unconstitutional.    Defendants made a "timely challenge" to the CFPB's unconstitutional structure.  Therefore, the court must quash the subpoenas as it lacks standing to even issue the subpoena.

## VI.    CONCLUSION

In conclusion, the court must quash the subpoenas as the CFPB has not complied with the requirement of first attempting to obtain the documents from

Defendants, the document request creates an undue burden on the non-parties as the documents can be sought from Defendants and the CFPB's "Discovery Document Submission Standards" is overly oppressive and unduly burdensome.  The subpoenas must be quashed.

DATED FEBRUARY 11, 2020

                                        Respectfully submitted,


                                        By: /s/ Maryam Atighechi
                                        Attorney(s) For Defendants,
                                        CERTIFIED FORENSIC
                                        LOAN AUDITORS, LLC (TX)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the counsel of record by the Central District of California ECF method or by certified mail, return receipt requested on the 13th day of February 2020.

EXHIBIT A

1700 G Street NW,
Washington, DC 20552



January 9, 2020

Via U.S. Mail

Andrea Fiore

Dear Ms. Fiore:

Enclosed please find a subpoena issued to you in the matter: *BCFP v. Certified Forensic Loan Auditors, et al.,* 2:19-cv-7722 (C.D. Cal.).  Please contact me at your earliest convenience to discuss your compliance with the subpoena.

Best regards,

Ben Vaughn
1700 G Street, NW
Washington, D.C. 20522
202-435-7964
Benjamin.vaughn@cfpb.gov

**consumerfinance.gov**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Central District of California

| | |
|---|---|
| Bureau of Consumer Financial Protection, | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. 2:19-cv-07722 ODW (JEMx) |
| Certified Forensic Loan Auditors, LLC (CA); Certified Forensic Loan Auditors, LLC (TX); Andrew Lehman; and Michael Carrigan, | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Andrea Fiore, ███████████████

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **documents requested in the attached Schedule A.**

| Place: Attn: Maritessa Recinto, Civil Division, United States Attorney's Office, 701 Northbridge St #800, Las Vegas, NV 89102 | Date and Time: 02/14/2020 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/09/2020

_CLERK OF COURT_

OR

_____           _____
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ **Bureau of Consumer Financial Protection** _____, who issues or requests this subpoena, are:

Benjamin Vaughn, Benjamin.vaughn@cfpb.gov, (202) 435-7964

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  **2:19–cv–07722 ODW (JEMx)**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    **0.00**    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                          *Server's signature*

                                         _____
                                          *Printed name and title*

                                         _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**Instructions**

1.     If in responding to this Request, You encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.     If you withhold a document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Rule 26(b)(5).

3.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a document, the claim of privilege must clearly identify the portions as to which the privilege or other basis is claimed.  When a document has been redacted or altered in any fashion, provide as to each document the information set forth in Paragraph 2 above with respect to the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.     Responsive documents shall be produced in the form required in Section B. of the attached "Document Submission Standards" from the Bureau's Office of Enforcement.

5.     Unless otherwise specified, the documents called for by these document requests are documents in Your possession, custody or control that were applicable, effective, prepared, written, generated or sent, dated or received at any time since July 1, 2014.

6.     If any material called for by this Request contains sensitive personally identifiable information or sensitive health information of any individual, please

contact Bureau counsel before sending this material to discuss ways to protect such information during productions.

### Definitions

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms shall be interpreted in accordance with these definitions.

1. "CFLA" means the business operated under the name Certified Forensic Loan Auditors, LLC; the entity incorporated in Texas named Certified Forensic Loan Auditors, LLC; the entity incorporated in California named Certified Forensic Loan Auditors, LLC; and any Person acting on their behalf.

2. "Communication" means any written or electronic transmission, regardless of form, from one Person to another Person, including any attachments thereto.

3. "Document" means the original and any non-identical copy (such as a draft or annotated copy) of any document or electronically stored information to the fullest extent and with the broadest interpretation of those terms under the Federal Rules of Civil Procedure, Federal Rules of Evidence and Local Civil Rules for the Central District of California.

4. "Defendants" means Certified Forensic Loan Auditors, LLC (CA); Certified Forensic Loan Auditors, LLC (TX); and Andrew Lehman, collectively or individually.

5. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, governmental or regulatory body, or other entity.

6. "Securitization Audit" means the audits of residential mortgages that CFLA marketed and sold from July 1, 2014 to the present.

7.     "Quiet Title Package" means the package of Securitization Audit and supporting litigation  documents that CFLA marketed and sold from July 1, 2014 to the present.

### Document Request

1.     All communications with CFLA, or any Person working on CFLA's behalf, regarding:

      a.  The marketing, production, use or sale of Securitization Audits or Quiet Title Packages;

      b.  The Bureau's investigation into CFLA's business practices;

      c.  The lawsuit filed by the Bureau against CFLA and Andrew Lehman: *BCFP v. CFLA*, et al, Case No. 19-cv-07722 (C.D. Cal)

      d.  Foreclosure cases in which CFLA's Securitization Audits or Quiet Title Litigation  packages have been used.

2.     Recordings of all telephone calls between CFLA and customers.

3.     CFLA's website files, including  all back up data and prior iterations of CFLA's website.

4.     Communications with CFLA, or any Person working on CFLA's behalf regarding changes to the CFLA website.

1700 G Street NW,
Washington, DC 20552



January 9, 2020

<u>Via U.S. Mail</u>

Patricia Rodriguez

████████████████████

Dear Ms. Rodriguez:

Enclosed please find a subpoena issued to you in the matter: *BCFP v. Certified Forensic Loan Auditors, et al.,* 2:19-cv-7722 (C.D. Cal.). Please contact me at your earliest convenience to discuss your compliance with the subpoena.

Best regards,

Ben Vaughn
1700 G Street, NW
Washington, D.C. 20522
202-435-7964
Benjamin.vaughn@cfpb.gov

**consumerfinance.gov**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection, | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:19−cv−07722 ODW (JEMx) |
| Certified Forensic Loan Auditors, LLC (CA); Certified | ) | |
| Forensic Loan Auditors, LLC (TX); Andrew Lehman; | ) | |
| and Michael Carrigan, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Patricia Rodriguez, ███████████

                          *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   documents requested in the attached Schedule A.

| Place: Office of the City Attorney, Attn: Christina Tusan, 200 N. Main Street, 500 City Hall East, Los Angeles, CA 90012 | Date and Time: 02/14/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/09/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | Benjamin Vaughn   Digitally signed by Benjamin Vaughn Date: 2020.01.09 12:30:03 -05'00' |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Bureau of Consumer Financial Protection                                                , who issues or requests this subpoena, are:

Benjamin Vaughn, Benjamin.vaughn@cfpb.gov, (202) 435-7964

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19–cv–07722 ODW (JEMx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Schedule A**

### **Instructions**

1.    If in responding to this Request, You encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.    If you withhold a document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Rule 26(b)(5).

3.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a document, the claim of privilege must clearly identify the portions as to which the privilege or other basis is claimed.  When a document has been redacted or altered in any fashion, provide as to each document the information set forth in Paragraph 2 above with respect to the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.    Responsive documents shall be produced in the form required in Section B. of the attached "Document Submission Standards" from the Bureau's Office of Enforcement.

5.    Unless otherwise specified, the documents called for by these document requests are documents in Your possession, custody or control that were applicable, effective, prepared, written, generated or sent, dated or received at any time since July 1, 2014.

6.    If any material called for by this Request contains sensitive personally identifiable information or sensitive health information of any individual, please

contact Bureau counsel before sending this material to discuss ways to protect such information during productions.

## Definitions

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms shall be interpreted in accordance with these definitions.

1.    "CFLA" means the business operated under the name Certified Forensic Loan Auditors, LLC; the entity incorporated in Texas named Certified Forensic Loan Auditors, LLC; the entity incorporated in California named Certified Forensic Loan Auditors, LLC; and any Person acting on their behalf.

2.    "Communication" means any written or electronic transmission, regardless of form, from one Person to another Person, including any attachments thereto.

3.    "Document" means the original and any non-identical copy (such as a draft or annotated copy) of any document or electronically stored information to the fullest extent and with the broadest interpretation of those terms under the Federal Rules of Civil Procedure, Federal Rules of Evidence and Local Civil Rules for the Central District of California.

4.    "Defendants" means Certified Forensic Loan Auditors, LLC (CA); Certified Forensic Loan Auditors, LLC (TX); and Andrew Lehman, collectively or individually.

5.    "Identify" means to provide: (a) for natural persons, their name, title or position, present business affiliation, present home address, present business address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, names of officers, directors or managers, and contact persons with e-mail addresses and telephone numbers; and (c) for Documents, the title, date,

1 author(s), recipient(s), Bates numbers of the document or some other means of
2 identifying the document, and the present or last known location or custodian.

3      6.     "Person" means an individual, partnership, company, corporation,
4 association (incorporated or unincorporated), trust, estate, cooperative organization,
5 governmental or regulatory body, or other entity.

6      7.     "Securitization Audit" means the audits of residential mortgages that
7 CFLA marketed and sold from July 1, 2014 to the present.

8      8.     "Quiet Title Package" means the package of Securitization Audit and
9 supporting litigation  documents that CFLA marketed and sold from July 1, 2014 to
10 the present.

11                          **Document Request**

12     1.     All communications with CFLA, or any Person working on CFLA's
13 behalf, regarding:

14         a. The marketing, production, use or sale of Securitization Audits or Quiet
15            Title Packages;
16         b. The Bureau's investigation into CFLA's business practices;
17         c. The lawsuit filed by the Bureau against CFLA and Andrew Lehman:
18            *BCFP v. CFLA*, et al, Case No. 19-cv-07722 (C.D. Cal);
19         d. Foreclosure cases in which CFLA's Securitization Audits or Quiet Title
20            Litigation  packages have been used.

21
22
23
24
25
26
27
28

EXHIBIT C

1700 G Street NW,
Washington, DC 20552



January 9, 2020

<u>Via U.S. Mail</u>

**Chad Elrod**

Dear Mr. Elrod:

Enclosed please find a subpoena issued to you in the matter: *BCFP v. Certified Forensic Loan Auditors, et al.*, 2:19-cv-7722 (C.D. Cal.).  Please contact me at your earliest convenience to discuss your compliance with the subpoena.

Best regards,

**Ben Vaughn**
1700 G Street, NW
Washington, D.C. 20522
202-435-7964
Benjamin.vaughn@cfpb.gov

**consumerfinance.gov**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Bureau of Consumer Financial Protection, | ) |
| *Plaintiff* | ) |
| v. | ) |
| Certified Forensic Loan Auditors, LLC (CA); Certified | ) |
| Forensic Loan Auditors, LLC (TX); Andrew Lehman; | ) |
| and Michael Carrigan, | ) |
| *Defendant* | ) |

Civil Action No.   2:19–cv–07722 ODW (JEMx)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Chad Elrod, ▓▓▓▓▓▓▓▓▓▓▓▓
                      Houston, TX 77080

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:          documents requested in the attached Schedule A.

| Place: US Attorney's Office, Attention: Sydney K., Wells Fargo Plaza, 1000 Louisiana St #2300, Houston, TX 77002 | Date and Time: 02/14/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/09/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | Benjamin Vaughn  Digitally signed by Benjamin Vaughn Date: 2020.01.09 12:27:20 -05'00' |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Bureau of Consumer Financial Protection          , who issues or requests this subpoena, are:

Benjamin Vaughn, Benjamin.vaughn@cfpb.gov, (202) 435-7964

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19-cv-07722 ODW (JEMx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**Instructions**

1.     If in responding to this Request, You encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.     If you withhold a document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Rule 26(b)(5).

3.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a document, the claim of privilege must clearly identify the portions as to which the privilege or other basis is claimed. When a document has been redacted or altered in any fashion, provide as to each document the information set forth in Paragraph 2 above with respect to the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.     Responsive documents shall be produced in the form required in Section B. of the attached "Document Submission Standards" from the Bureau's Office of Enforcement.

5.     Unless otherwise specified, the documents called for by these document requests are documents in Your possession, custody or control that were applicable, effective, prepared, written, generated or sent, dated or received at any time since July 1, 2014.

6.     If any material called for by this Request contains sensitive personally identifiable information or sensitive health information of any individual, please

1  contact Bureau counsel before sending this material to discuss ways to protect such
2  information during productions.

3                                  **Definitions**

4          Notwithstanding any definition set forth below, each word, term, or phrase
5  used in this Request is intended to have the broadest meaning permitted under the
6  Federal Rules of Civil Procedure. As used in this Request, the following terms shall
7  be interpreted in accordance with these definitions.

8          1.     "CFLA" means the business operated under the name Certified
9  Forensic Loan Auditors, LLC; the entity incorporated in Texas named Certified
10 Forensic Loan Auditors, LLC; the entity incorporated in California named Certified
11 Forensic Loan Auditors, LLC; and any Person acting on their behalf.

12         2.     "Communication" means any written or electronic transmission,
13 regardless of form, from one Person to another Person, including any attachments
14 thereto.

15         3.     "Document" means the original and any non-identical copy (such as a
16 draft or annotated copy) of any document or electronically stored information to the
17 fullest extent and with the broadest interpretation of those terms under the Federal
18 Rules of Civil Procedure, Federal Rules of Evidence and Local Civil Rules for the
19 Central District of California.

20         4.     "Defendants" means Certified Forensic Loan Auditors, LLC (CA);
21 Certified Forensic Loan Auditors, LLC (TX); and Andrew Lehman, collectively or
22 individually.

23         5.     "Person" means an individual, partnership, company, corporation,
24 association (incorporated or unincorporated), trust, estate, cooperative organization,
25 governmental or regulatory body, or other entity.

26         6.     "Securitization Audit" means the audits of residential mortgages that
27 CFLA marketed and sold from July 1, 2014 to the present.

28

7.      "Quiet Title Package" means the package of Securitization Audit and supporting litigation  documents that CFLA marketed and sold from July 1, 2014 to the present.

## Document Request

1.      All communications with CFLA, or any Person working on CFLA's behalf, regarding:

      a. The marketing, production, use or sale of Securitization Audits or Quiet Title Packages;

      b. The Bureau's investigation into CFLA's business practices;

      c. The lawsuit filed by the Bureau against CFLA and Andrew Lehman: *BCFP v. CFLA*, et al, Case No. 19-cv-07722 (C.D. Cal)

      d. Foreclosure cases in which CFLA's Securitization Audits or Quiet Title Litigation  packages have been used.

EXHIBIT E

1700 G Street, NW
Washington, DC 20552



January 14, 2020

Jeffrey Jackson

███████████████████
Beverly Hills, CA 90212

Re:    BCFP v. CFLA, et. al., Case No.: 2:19–cv–07722 ODW (JEMx)

Dear Mr. Jackson:

Enclosed, please find a subpoena issued to you in the above referenced case.  Kindly
contact me at your earliest convenience to discuss your compliance with the subpoena.


Sincerely,

/s/ Benjamin Vaughn
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
202-435-7964
Benjamin.vaughn@cfpb.gov

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:19–cv–07722 ODW (JEMx) |
| Certified Forensic Loan Auditors, LLC (CA); Certified Forensic Loan Auditors, LLC (TX); Andrew Lehman; and Michael Carrigan, | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Jeffrey Jackson, ███████████████
     Houston, TX 77080
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: documents requested in the attached Schedule A.

| Place: US Attorney's Office, Attention: Sydney K., Wells Fargo Plaza, 1000 Louisiana St #2300, Houston, TX 77002 | Date and Time: 02/14/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/09/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | **Benjamin Vaughn** Digitally signed by Benjamin Vaughn Date: 2020.01.14 10:58:30 -05'00' |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Bureau of Consumer Financial Protection** , who issues or requests this subpoena, are:
Benjamin Vaughn, Benjamin.vaughn@cfpb.gov, (202) 435-7964

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19-cv-07722 ODW (JEMx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**Instructions**

1.    If in responding to this Request, You encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.    If you withhold a document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Rule 26(b)(5).

3.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a document, the claim of privilege must clearly identify the portions as to which the privilege or other basis is claimed. When a document has been redacted or altered in any fashion, provide as to each document the information set forth in Paragraph 2 above with respect to the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.    Responsive documents shall be produced in the form required in Section B. of the attached "Document Submission Standards" from the Bureau's Office of Enforcement.

5.    Unless otherwise specified, the documents called for by these document requests are documents in Your possession, custody or control that were applicable, effective, prepared, written, generated or sent, dated or received at any time since July 1, 2014.

6.    If any material called for by this Request contains sensitive personally identifiable information or sensitive health information of any individual, please

1  contact Bureau counsel before sending this material to discuss ways to protect such
2  information during productions.

### Definitions

4        Notwithstanding any definition set forth below, each word, term, or phrase
5  used in this Request is intended to have the broadest meaning permitted under the
6  Federal Rules of Civil Procedure. As used in this Request, the following terms shall
7  be interpreted in accordance with these definitions.

8        1.      "CFLA" means the business operated under the name Certified
9  Forensic Loan Auditors, LLC; the entity incorporated in Texas named Certified
10  Forensic Loan Auditors, LLC; the entity incorporated in California named Certified
11  Forensic Loan Auditors, LLC; and any Person acting on their behalf.

12        2.      "Communication" means any written or electronic transmission,
13  regardless of form, from one Person to another Person, including any attachments
14  thereto.

15        3.      "Document" means the original and any non-identical copy (such as a
16  draft or annotated copy) of any document or electronically stored information to the
17  fullest extent and with the broadest interpretation of those terms under the Federal
18  Rules of Civil Procedure, Federal Rules of Evidence and Local Civil Rules for the
19  Central District of California.

20        4.      "Defendants" means Certified Forensic Loan Auditors, LLC (CA);
21  Certified Forensic Loan Auditors, LLC (TX); and Andrew Lehman, collectively or
22  individually.

23        5.      "Person" means an individual, partnership, company, corporation,
24  association (incorporated or unincorporated), trust, estate, cooperative organization,
25  governmental or regulatory body, or other entity.

26        6.      "Securitization Audit" means the audits of residential mortgages that
27  CFLA marketed and sold from July 1, 2014 to the present.

28

7.     "Quiet Title Package" means the package of Securitization Audit and supporting litigation documents that CFLA marketed and sold from July 1, 2014 to the present.

## Document Request

1.     All communications with CFLA, or any Person working on CFLA's behalf, regarding:

    a.  The marketing, production, use or sale of Securitization Audits or Quiet Title Packages;

    b.  The Bureau's investigation into CFLA's business practices;

    c.  The lawsuit filed by the Bureau against CFLA and Andrew Lehman: *BCFP v. CFLA*, et al, Case No. 19-cv-07722 (C.D. Cal)

    d.  Foreclosure cases in which CFLA's Securitization Audits or Quiet Title Litigation packages have been used.

EXHIBIT F

# Discovery Requests Document Submission Standards

## BCFP Office of Enforcement



# Discovery Document Submission Standards

This describes the technical requirements for producing electronic document collections to the Bureau of Consumer Financial Protection ("the Bureau")'s Office of Enforcement. All documents shall be produced in complete form, in color when necessary to interpret the document, unredacted unless privileged, and shall not be edited, cut, or expunged.  These standards must be followed for all documents you submit in response to all discovery requests. Any proposed file formats other than those described below must be discussed with the legal and technical staff of the Bureau's Office of Enforcement prior to submission.

# Table of Contents

*Discovery Document Submission Standards* ............................................................................ *2*

*Table of Contents* ..................................................................................................................... *3*

*A.   Transmittal Instructions* ..................................................................................................... *4*

*B.   Delivery Formats* ................................................................................................................ *6*

   **1)   General ESI Standards** .................................................................................................**6**

   **2)   Native and Image Production** ......................................................................................**6**

      a)   Metadata File ..........................................................................................................6

      b)   Document Text .........................................................................................................9

      c)   Linked Native Files....................................................................................................9

      d)   Images .....................................................................................................................10

      e)   Image Cross Reference File ......................................................................................10

   **3)   PDF File Production** ...................................................................................................**11**

   **4)   Transactional Data** ...................................................................................................**11**

   **5)   Audio/Video/Electronic Phone Records** ...................................................................**11**

*C.   Production of Partially Privileged Documents* .................................................................. *13*

# A.  Transmittal Instructions

1) The written response to a request for production should include the following:
   a) Name of the party making the production and the date of the discovery request to which the submission is responsive.
   b) List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production (refer to the media by the unique number assigned to it, see ¶ 4)
   c) List of custodians, identifying:
      i)   The Bates Range (and any gaps therein) for each custodian,
      ii)  Total number of images for each custodian, and
      iii) Total number of native files for each custodian
   d) List of fields in the order in which they are listed in the metadata load file.
   e) The specification(s) or portions thereof of the discovery request to which the submission is responsive.
2) Documents created or stored electronically MUST be produced in their original electronic format, not converted to another format such as PDF.
3) Data may be produced on CD, DVD, USB thumb drive, or hard drive; use the media requiring the least number of deliverables.
   a) Magnetic media shall be carefully packed to avoid damage and must be clearly marked on the outside of the shipping container:
      i)  "MAGNETIC MEDIA – DO NOT USE METAL DETECTOR"
      ii) "MAY BE OPENED FOR POSTAL INSPECTION"
   b) CD-R CD-ROMs should be formatted to ISO 9660 specifications;
   c) DVD-ROMs for Windows-compatible personal computers are acceptable;
   d) USB 2.0 thumb drives for Windows-compatible personal computers are acceptable;
   e) USB 3.0 or USB 3.0/eSATA external hard disk drives, formatted in a Microsoft Windows-compatible file system (FAT32 or NTFS), uncompressed data are acceptable.
4) Label all media with the following:
   a) Case number
   b) Production date
   c) Bates range
   d) Disk number (1 of X), if applicable
   e) Name of producing party
   f) A unique production number identifying each production
5) All productions must be produced free of computer viruses.

6) All produced media must be encrypted. Encryption format must be agreed upon prior to production.
   a) Data deliveries should be encrypted at the disc level.
   b) Decryption keys should be provided separately from the data delivery via email or phone.
7) Passwords for documents, files, and compressed archives should be provided separately either via email or in a separate cover letter from the data.

# B.  Delivery Formats

**1)  General ESI Standards**

All productions must follow the specifications outlined below:

De-duplication
De-duplication of documents should be applied across custodians (global); each custodian should be identified in the Custodian field in the metadata load file separated by semi-colon. The first name in the Custodian list should represent the original holder of the document.

Bates Numbering Documents
The Bates number must be a unique, sequential, consistently formatted identifier, i.e., an alpha prefix unique to each producing party along with a fixed length number, i.e., ABC0000001. This format must remain consistent across all productions. There should be no space in between the prefix and the number. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should hyphens or other separators be added or deleted.

Document Retention / Preservation of Metadata
The recipient of a discovery request should use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed at the time of the original creation.

**2)  Native and Image Production**
In general, and subject to the specific instructions below: (1) produce electronic documents in their complete native/original format along with corresponding bates-labeled single page TIFF images (with the exception of large spreadsheets and/or text files, those files should be processed and a placeholder TIFF image indicating that they were produced natively provided); (2) scan and process all paper documents into single page TIFF images, OCR the images, and apply bates numbers to each page of the image; (3) produce fully searchable document level text for every produced document; and (4) produce metadata for every produced document in a data file that conforms to the specific instructions below.

a)  Metadata File

All produced documents, regardless of their original file format, must be produced with the below-described metadata fields in a data file (.DAT).

i)   The first line of the .DAT file must be a header row identifying the field names.

ii)  The .DAT file must use the following default delimiters:

**TABLE 1:**  DAT FILE DELIMITERS

| Comma | ¶ | ASCII character (020) |
|---|---|---|
| Quote | þ | ASCII character (254) |
| Newline | ® | ASCII character (174) |

iii)  Date fields should be provided in the format: mm/dd/yyyy

iv)  All attachments should sequentially follow the parent document/email.

v)   All documents shall be produced in both their native/original form and as a corresponding bates-labeled single page TIFF image; provide the link to the original/native document in the NATIVELINK field.

vi)  Produce extracted metadata for each document in the form of a .DAT file, and include these fields (fields should be listed but left blank if not applicable):

**TABLE 2:**  DAT FILE FIELDS

| Field Name | Description |
|---|---|
| **Required Fields** ||
| BATES_BEGIN | First Bates number of native file document/email |
| BATES_END | Last Bates number of native file document/email<br>**The BATES_END field should be populated for single page documents/emails |
| ATTACH_BEGIN | First Bates number of attachment/family range |
| ATTACH_END | Last Bates number of attachment/family range |
| ATTACH_NAME | Populates parent records with original filenames of all attached records, separated by semi-colons. |
| PRIV | Indicate "YES" if document has a Privilege claim |
| ROG_NUM | Indicate Interrogatory number(s) document is responsive to. (ROG ##)  If multiple, separate by semi-colon |
| DR_NUM | Indicate Document Request document is responsive to. |

| | |
|---|---|
| | (DR ##) If multiple, separate by semi-colon |
| RECORDTYPE | <u>Email</u>: Populate field as "E-Mail" <br> <u>Email Attachment</u>: Populate field as "Attachment (E-mail)" <br> <u>Loose Native</u>: Populate field as "E-Document" <br> <u>Other Attachment</u>: Populate field as "Attachment" <br> <u>Scanned Paper</u>: Populate field as "Paper" |
| CUSTODIAN | Individual(s) or department(s) from which the record originated <br> \*\*semi-colon should be used to separate multiple entries |
| FILENAME | Email: Filename of loose email or subject of non-loose email <br> Non-email: original file name |
| PGCOUNT | Number of pages in document/email |
| MD5HASH | The 32 digit value representing each unique document |
| SOURCE | Email: Path to email container and email container name <br> Non-email: Original path to source archive folder or files |
| FOLDERPATH | Email: Folder path within email container <br> Non-email: Folder path to file |
| DATE_CREATED | The date the electronic file was created |
| TIME_CREATED | The time the electronic file was created |
| DATE_MOD | Date an electronic file was last modified |
| TIME_MOD | Time an electronic file was last modified |
| PRINT_DATE | Date the document was last printed |
| PRINT_TIME | Time the document was last printed |
| FILE_SIZE | Size of native file document/email in KB |
| FILE_EXT | The file extension representing the email or native file document |
| AUTHOR | Email:  (empty) <br> Non-email: Author of the document |
| SUBJECT | Subject metadata from electronic files (non-email) |
| COMPANY | Company (organization) metadata from electronic files |
| NATIVELINK | Hyperlink to the email or native file document <br> \*\*The linked file must be named per the BATES_BEGIN Number |
| TEXTPATH | Contains path to OCR/Extracted text file that is titled after the document BATES_BEGIN |
| **Additional Fields for Email Productions** | |
| FROM | Sender of email |

| TO | Recipient(s) of email<br>**semi-colon should be used to separate multiple entries |
| CC | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| BCC | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| EMAIL_SUBJECT | "Subject" line of the email |
| DATE_SENT | Date and time that the email message was sent. |
| DATE_RECVD | Date and time that the email message was received. |
| TIME_ZONE | Time Zone processed in |
| CONVERSATION_INDEX | Conversation thread ID/Index value |
| PARENT_ID | Populated only for email attachments, this field will display the Image Tag field value of the attachment record's parent. |

b) Document Text

Searchable text of the entire document must be provided for every record, at the document level.

   i) Extracted text must be provided for all documents that originated in electronic format.
   Note: Any document in which text cannot be extracted must be OCR'd.

   ii) For documents redacted on the basis of any privilege, provide the OCR text for unredacted/unprivileged portions.

   iii) The text should be delivered in the following method: As multi-page ASCII text files with the files named the same as the Bates_Begin field. Text files can be placed in a separate folder or included with the .TIFF files.

c) Linked Native Files

Copies of original email and native file documents/attachments must be included for all electronic productions.

   i) Native file documents must be named per the BATES_BEGIN number (the original file name should be preserved and produced in the FILENAME metadata field).

   ii) The full path of the native file must be provided in the .DAT file in the

NATIVELINK field.

d) Images

    i) Images should be single-page, Group IV TIFF files, scanned at 300 dpi.

    ii) File names should be titled per endorsed bates number.

    iii) Color should be preserved when necessary to interpret the document.

    iv) Bates numbers should be endorsed on the lower right corner of all images.

    v) For documents partially redacted on the basis of any privilege, ensure the redaction box is clearly labeled "REDACTED".

e) Image Cross Reference File

    i) The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

**TABLE 3:** IMAGE CROSS REFERENCE FILE FIELDS

| Field Title | Description |
|---|---|
| ImageID | The unique designation use to identify an image. |
| | ***Note***: *This imageID key **must** be a unique and fixed length number. This number will be used in the.DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. We recommend that the format be an eight digit number to allow for the possible increase in the size of a production.* |
| VolumeLabel | Optional |
| ImageFilePath | The full path to the image file. |
| DocumentBreak | The letter "Y" denotes the first page of a document.  If this field is blank, then the page is not the first page of a document. |
| FolderBreak | Leave empty |
| BoxBreak | Leave empty |
| PageCount | Optional |
| | *\*This file should not contain a header row.* |

SAMPLE:
```
IMG0000001,OPTIONALVOLUMENAME,E:\001\IMG0000001.TIF,Y,,,3
IMG0000002,OPTIONALVOLUMENAME,E:\001\IMG0000002.TIF,,,,
IMG0000003,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,,,,
IMG0000004,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,Y,,,1
IMG0000005,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,Y,,,2
```

IMG0000006,OPTIONALVOLUMENAME,E:\001\IMG0000003.TIF,,,,

**3) PDF File Production**

When approved, Adobe PDF files may be produced in lieu of TIFF images for scanned paper productions (metadata must also be produced in accordance with the instructions above):

a) PDF files should be produced in separate folders named by the Custodian.

b) All PDFs must be unitized at the document level, i.e. each PDF should represent a discrete document; a single PDF cannot contain multiple documents.

c) All attachments should sequentially follow the parent document.

d) All PDF files must contain embedded text that includes all discernible words within the document, not selected text only. This requires all layers of the PDF to be flattened first.

e) If PDF files are Bates endorsed, the PDF files must be named by the Bates range

f) The metadata load file listed in 2.a. should be included.

**4) Transactional Data**

If transactional data must be produced, further discussion must be had to ensure the intended export is properly composed. If available, a data dictionary should accompany the production, if unavailable; a description of fields should accompany transactional data productions. The following formats are acceptable:

- MS Access
- XML
- CSV
- TSV
- Excel (with prior approval)

**5) Audio/Video/Electronic Phone Records**

a) Audio files must be produced in a format that is playable using Microsoft Windows Media Player. Types of audio files that will be accepted include:

- Nice Systems audio files (.aud). AUD files offer efficient compression and would be preferred over both NMF and WAV files.
- Nice Systems audio files (.nmf).
- WAV Files
- MP3, MP4
- WMA
- AIF

Produced audio files must be in a separate folder compared to other data in the

production.

Additionally, the call information (metadata) related to each audio recording must be produced if it exists. The metadata file must be produced in delimited text format (DAT, CSV, or TXT), using a tab or pipe delimiter. Field names must be included in the first row of the metadata file. Please note that the field names are case sensitive and should be created as listed below. The metadata must include, if available, the following fields:

**TABLE 4:**  AUDIO METADATA FIELDS

| Field Name | Description |
| --- | --- |
| AgentName | Name of agent/employee |
| AgentId | Unique identifier of agent/employee |
| Group | Name for a collection of agents |
| Supervisor | Name of the Agent's supervisor |
| Site | Location of call facility |
| DNIS | Dialed Number Identification Service, identifies the number that was originally called |
| Extension | Extension where call was routed |
| CallDirection | Identifies whether the call was inbound, outbound, or internal |
| CallType | Purpose of the call |
| DURATION | Duration of call |
| CustomerId | Customer's identification number |
| CustomerCity | Customer's city of residence |
| CustomerState | Customer's state of residence |
| CallDateTime | Date and start time of call (MM/DD/YYYY HH:MM:SS) |
| CUSTOMERNAME | Name of person called |
| FileName | Filename of audio file |
| BATES_BEGIN | Unique number of the audio file |
| CALLEDPARTYNUMBER | The call center or phone number called |
| CALLSIZE | File size of audio file |
| CALLSERVICE | Call service code |
| MD5HASH | The 32 digit value representing each unique document |
| DOC_REQ | Document request number to which the file is responsive |
| CUSTODIAN | Individual(s) or department(s) from which the |

| Field Name | Description |
|---|---|
| | recording originated |
| FOLDERPATH | Folder path of the audio file in the original source |
| SOURCE | Original path to where the source file resided |
| TIMEZONE | The time zone of the original call |
| GROUPID | A unique group identifier for grouping multiple calls |
| CODEC | Encoding/decoding of the audio digital stream |
| BITRATE | The number of bits that are conveyed or processed per unit of time |

| Supported Date Format | Example |
|---|---|
| mm/dd/yyyy hh:mm:ss am/pm | 01/25/1996 10:45:15 am |

The filename is used to link the metadata to the produced audio file. The file name in the metadata and the file name used to identify the corresponding audio file must match exactly.

b)  Video files must be produced in a format that is playable using Microsoft Windows Media Player along with any available metadata. If it is known that the video files do not contain associated audio, indicate this in the accompanying transmittal letter. Types of video files accepted include:
   •MPG
   •AVI
   •WMV
   •MOV
   •FLV

# C.  Production of Partially Privileged Documents

If a portion of any material called for by a discovery request is withheld based on a claim of privilege, those portions may be redacted from the responsive material as long as the following conditions are met.

a)  If originally stored as native electronic files, the image(s) of the unredacted portions are submitted in a way that preserves the same appearance as the original without

the redacted material (i.e., in a way that depicts the size and location of the redactions).  The OCR text will be produced from the redacted image(s).  Any redacted, privileged material should be clearly labeled to show the redactions on the tiff image(s).  Any metadata not being withheld for privilege should be produced in the DAT file; any content (e.g., PowerPoint speaker notes, Word comments, Excel hidden rows, sheets or columns) contained within the native and not being withheld for privilege should be tiffed and included in the production.

b) If originally in hard copy form, the unredacted portions are submitted in a way that depicts the size and location of the redactions; for example, if all of the content on a particular page is privileged, a blank, sequentially numbered page should be included in the production where the responsive material, had it not been privileged, would have been located.