# United States District Court
# Central District of California

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CERTIFIED FORENSIC LOAN AUDITORS, LLC et al.,<br><br>　　　　　　　Defendants. | Case No. 2:19-cv-07722-ODW (JEMx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY [27]** |

## I.　INTRODUCTION

Plaintiff Consumer Financial Protection Bureau (the "Bureau") filed this action against Defendants Certified Forensic Loan Auditors, LLC ("CFLA") and Andrew P. Lehman ("Lehman") (collectively "Defendants"), to address violations of the Consumer Financial Protection Act ("CFPA"), and other consumer protection regulations. (*See* First Am. Compl. ("FAC"), ECF No. 29.) Now before the Court is Defendants' Motion to Stay ("Motion") pending the Supreme Court's Decision in *CFPB v. Seila Law LLC*, Case No. 19-7, 2019 U.S. LEXIS 6486 (cert. granted on October 18, 2019). (Mot. to Stay ("Mot."), ECF No. 27.) For the reasons to follow, the Court **DENIES** the Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## II. BACKGROUND

Plaintiff the Bureau brings this action against Defendants CFLA and Lehman in connection with their offering, advertising, marketing, and selling of purported financial-advisory and mortgage-assistance-relief services. (FAC ¶ 2.) The Bureau is an independent agency of the United States charged with regulating the offering and provision of consumer-financial products or services under federal consumer financial law, including the CFPA and Regulation O. (FAC ¶ 4.) The Bureau alleges that Defendants violated the Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531, 5536(a), as well as Regulation O, 12 C.F.R. pt. 1015. (Opp'n to Mot. 1–2, ECF No. 30.) On November 4, 2019, Defendants moved to stay the proceedings pending the United States Supreme Court decision in *CFPB v. Seila Law LLC*. (Mot. 2.) Defendants assert that the decision in *Seila Law* will control this Court's resolution of an issue presented in this case. (Mot. 4.) The Bureau opposes the Motion and argues that the Supreme Court's decision in *Seila Law* is unlikely to dispose of the Bureau's claims. (Opp'n 2.)

## III. LEGAL STANDARD

The district court has "the power to stay proceedings . . . to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 29 U.S. 248, 254 (1936). This power includes the discretion to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 864. "In order to determine whether a *Landis* stay should be implemented, courts consider: (1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of

law which could be expected to result from a stay.'" *Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-CV-00254-HSG, 2016 WL 4319844, at *1 (N.D. Cal. July 14, 2016) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## IV. DISCUSSION

Defendants contend that a stay is warranted because the *Seila Law* case may potentially render all of the Bureau's action in this matter void. (Mot. 1–2.) Thus, Defendants' overall argument is that this case should be stayed to avoid: (1) extreme damage to Defendants; (2) waste of judicial and economic resources; and (3) depriving Defendants of their constitutional rights. (Mot. 5–7.) The Bureau contends that a stay is not warranted because: (1) *Seila Law* is not likely to dispose of the Bureau's claims in this case; (2) halting all proceedings would harm the Bureau and the public interest; and (3) Defendants will not be harmed if this case proceeds to discovery. (*See generally* Opp'n.)

### A. Orderly Course of Justice

The Court concludes that a stay is not appropriate. Foremost, the Court is unpersuaded by Defendants assertion that a favorable decision in *Selia Law* will dispose of the Bureau's Claim because at issue in *Selia Law* is whether the statute's removal provision, which limits the President's authority to remove the Bureau's Director, violates the Constitution. *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 427 (2019). The Bureau persuasively argues that even if a favorable ruling was obtained by Defendants in *Seila Law*, the express language of the statute calls for simply severing the provision from the CFPA while leaving the rest of the statute in place. (Opp'n 4.) Accordingly, the Court is persuaded that it appears unlikely that the Bureau's claims will be disturbed. Therefore, this factor does not weigh in favor of staying the matter. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005) (stay inappropriate where the parallel actions are "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court").

### B. Possible Damage and Hardship or Inequity to the Parties

Defendants argue next that they would suffer "a huge constitutional deprivation of liberties," and suffer monetary harm if the matter is not stayed. (Mot. 6–8.) Defendants also argue that the Bureau will not suffer any harm because the Bureau sat idly for three years before bringing this action, nor will consumers be harmed if the case is stayed. (Mot. 7.)

First, the Court has already found that a favorable *Seila Law* decision for Defendants is unlikely to dispose of the Bureau's claims, and accordingly, Defendants are unlikely to suffer a deprivation of liberties. Furthermore, here the Court may defer the constitutional issues because both the Ninth and Second Circuits have deferred the constitutional challenge to the CFPA's removal provision, and thus, Defendants would not be deprived of their constitutional liberties if the Court proceeded and deferred the constitutional issues. *See Consumer Fin. Prot. Bureau v. CashCall, Inc.*, No. 18-55407, 2019 WL 5390028, at *1 (9th Cir. Oct. 21, 2019); *CFPB v. RD Legal Funding, LLC*, No. 18-2743 (2d Cir., Nov. 5, 2019).

Second, the Court finds Defendants' argument that they would suffer monetary harm without a stay, unpersuasive. The Ninth Circuit holds that ordinary hardship of litigation is not sufficient to warrant a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). Here, Defendants provide insufficient support to assert that it would incur more than ordinary hardships of litigation if the case was not stayed. (*See* Mot.) Furthermore, Defendants cite to almost no law in supporting this argument. (*See* Mot. 7–8.) Accordingly, Defendants fail to present any legally cognizable hardship.

Lastly, the Court concurs with the Bureau's argument that halting all proceedings would harm the Bureau and the public interest. The Bureau asserts that a stay would preclude it from pursuing injunctive relief and allow Defendants' to deplete its assets. *Cf. Lockyer*, 398 F.3d 1098, 1110 (9th Cir. 2005) (refusing to overturn stay where

plaintiff was seeking "only damages" and had "alleged no continuing harm and sought no injunctive or declaratory relief"). Moreover, the Bureau convincingly argues that delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr.*, 490 F.3d 718, 724 (9th Cir. 2007) (internal quotations omitted). Accordingly, a stay would make it harder for the Bureau to secure any relief for consumers.

Thus, the Court finds that all three factor weighs against staying the case. Accordingly, the Court finds that the case should proceed and **DENIES** the Motion.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Stay. (ECF No. 27.)

**IT IS SO ORDERED.**

February 21, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**