UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>         Plaintiff,<br><br>         v.<br><br>Certified Forensic Loan Auditors, LLC, (CA); Certified Forensic Loan Auditors, LLC (TX); Andrew P. Lehman; and Michael Carrigan,<br>         Defendant. | Case No. CV 19-07722-ODW (JEMx)<br><br>**STIPULATED FINAL JUDGMENT AND ORDER**<br>**AS TO CERTIFIED FORENSIC LOAN AUDITORS, LLC (CA), CERTIFIED FORNESIC LOAN AUDITORS (TX) AND ANDREW P. LEHMAN** |

  The Bureau of Consumer Financial Protection ("Bureau") commenced this civil action on September 6, 2019 and filed an Amended Complaint on November 13, 2019 to obtain injunctive relief, restitution, and civil penalties from Certified Forensic Loan Auditors, LLC (CA), Certified Forensic Loan Auditors, LLC (TX) (collectively "CFLA"), Andrew P. Lehman, and Michael Carrigan. The Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a) and 5536(a)(1)(A), and Regulation O, 12 C.F.R. §§ 1015.3(c) and 1015.5(a) (2011), against CFLA and Lehman in connection with their offering, advertising, marketing, and selling of purported financial-advisory and mortgage-assistance-relief services, and against Defendant Michael Carrigan in connection with his substantial assistance in furtherance of CFLA's and Lehman's unlawful conduct.

  The Bureau and Defendants CFLA and Lehman, agree to entry of this Stipulated Final Judgment and Order ("Order"), without adjudication of any issue of fact or law, to

settle and resolve all matters in dispute arising from the conduct alleged in the Amended Complaint.

**THEREFORE, it is ORDERED:**

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action and venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) and (c), and 12 U.S.C. § 5564(f).

2. The Amended Complaint alleges claims upon which relief may be granted.

3. The relief provided in this Order is appropriate and available pursuant to sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565.

4. Defendants CFLA and Lehman waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

5. Defendants CFLA and Lehman neither admit nor deny any allegations in the Amended Complaint, except as specified in this Order. For purposes of this Order, Defendants CFLA and Lehman admit the facts necessary to establish the Court's jurisdiction over Defendant CFLA and Lehman and the subject matter of this action.

6. Entry of this Order is in the public interest.

## DEFINITIONS

7. The following definitions apply to this Order:

   a. "**Affected Consumers**" includes any consumer who, since July 1, 2014, purchased a Securitization Audit and/or a Quiet Title Package from CFLA.

b. **"Assisting Others"** means helping, aiding, training, or providing support to others, including but not limited to:
   i. consulting in any form whatsoever;
   ii. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;
   iii. providing names of, or contributing to the generation of, potential customers; and
   iv. participating in or providing services related to the offering, sale, or servicing of a product, or the collection of payments for a product.

c. **"CFLA"** means Certified Forensic Loan Auditors, LLC, and its successors and assigns.

d. **"Defendant Carrigan"** means Michael Carrigan, and any other names by which he might be known;

e. **"Defendant Lehman"** means Andrew P. Lehman, and any other names by which he might be known;

f. **"Effective Date"** means the date on which the Order is entered by the Court.

g. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegate.

h. **"Financial Advisory Service"** includes the meaning of the term "financial advisory services," as of the Effective Date, in Section

1002(15)(viii) of the Consumer Financial Protection Act, 12 U.S.C. § 5481(15)(viii), and, subject to applicable limitations on the Bureau's enforcement authority, includes, but is not limited to:

    i. providing financial advisory services to consumers on individual financial matters or relating to proprietary financial products or services;

    ii. providing credit counseling to any consumer;

    iii. providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

    iv. auditing, reviewing, or analyzing the origination, transfer, or securitization of residential mortgages.

i. **"Mortgage Assistance Relief Services"** is synonymous in meaning and equal in scope to the definition of the term, as of the Effective Date, in Regulation O, 12 C.F.R. 1015.2, and, subject to applicable limitations on the Bureau's enforcement authority, includes, but is not limited to:

    i. Any service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

        1. Stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

        2. Negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount

       of interest, principal balance, monthly payments, or fees; and

  ii. Obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan.

j. **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as described in the Complaint.

k. **"Relevant Period"** includes the period from July 1, 2014 to the Effective Date.

l. **"Securitization Audit"** means the audits of residential mortgages that CFLA marketed and sold from July 1, 2014 to the Effective Date. For purposes of this Order a "Securitization Audit" is a "Financial Advisory Service" as that term is defined in subparagraph (h), and a "Mortgage Assistance Relief Service" as that term is defined in subparagraph (i).

m. **"Quiet Title Package"** means the package of Securitization Audit and supporting litigation documents that CFLA marketed and sold from July 1, 2014 to the effective date. For purposes of this Order a "Quiet Title Package" is a "Financial Advisory Service" as that term is defined in subparagraph (h), and a "Mortgage Assistance Relief Service" as that term is defined in subparagraph (i).

# ORDER

## CONDUCT RELIEF

### I.

### Permanent Ban on Offering or Providing Mortgage Assistance Relief Services and Financial Advisory Services

**IT IS ORDERED that:**

8. Defendants CFLA and Lehman, whether acting directly or indirectly, are permanently restrained from:

   a. providing, advertising, marketing, promoting, offering for sale, selling, or producing any Mortgage Assistance Relief Services or Financial Advisory Services; and

   b. Assisting Others in, or receiving any remuneration or other consideration from, the provision, advertising, marketing, promoting, offering for sale, sale or production of any Mortgage Assistance Relief Services or Financial Advisory Services.

Nothing in this Order shall be read as an exception to this Paragraph.

### II.

### Customer Information

**IT IS FURTHER ORDERED that:**

9. Defendants CFLA and Lehman whether acting directly or indirectly, may not:

   a. disclose, use, or benefit from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant CFLA or Lehman obtained before the Effective

Date in connection with providing Mortgage Assistance Relief Services and Financial Advisory Services;

b. attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer who purchased or agreed to purchase Mortgage Assistance Relief Services or Financial Advisory Services from CFLA or Lehman.

*However*, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

## III.

### Order to Pay Redress

10.     A judgment for monetary relief is entered in favor of the Bureau and against Defendants CFLA and Lehman, jointly and severally, in the amount of $3 million for the purpose of providing redress to Affected Consumers; *however*, full payment of this judgment will be suspended upon satisfaction of the obligations in Section VI, Additional Monetary Provisions; and subject to Section V, Effect of Misrepresentation or Omission of Financial Condition, of this Order.

11.     With regard to any redress that Defendant CFLA or Lehman pays under this Section, if Defendant CFLA or Lehman receives, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Defendant CFLA or Lehman secures a tax deduction or tax credit with regard to any federal, state, or local tax, the relevant defendant must: (a) immediately notify the Enforcement Director in writing, and (b) within ten (10) days of receiving the funds or monetary benefit, the relevant defendant must transfer to the Bureau the full amount of such funds or monetary benefit (Additional

7

Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions.

12. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or the Bureau's agent according to applicable statutes and regulations to be used for redress for injured consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

13. If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendants CFLA and Lehman will have no right to challenge the Bureau's choice of remedies under this Section and will have no right to contest the manner of distribution chosen by the Bureau.

14. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## IV.
## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

15. Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Amended Complaint and continuing until the Effective Date, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendants CFLA and Lehman, jointly and severally, must pay a civil money penalty of $40,000 to the Bureau. The Bureau may exercise immediately any post-judgment remedies available to it to collect this civil money penalty from Defendants CFLA and Lehman.

16. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

17. Defendants CFLA and Lehman must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendants CFLA and Lehman may not:

    a. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

18. Defendants CFLA and Lehman agree that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, as to CFLA and Lehman, it is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## V.

**Effect of Misrepresentation or Omission Regarding Financial Condition**

**IT IS FURTHER ORDERED** that:

19. The suspensions of the order to pay redress in Section III is expressly premised on the truthfulness, accuracy, and completeness of Defendants CFLA's and Lehman's sworn financial statements and supporting documents submitted to the Bureau on or about June 30, 2019 and supplemented on August 12 and 19, 2019, and on June 4, 2020 and supplement on June 8, 2020 and June 19, 2020, which Defendants CFLA and Lehman assert are truthful, accurate, and complete, and which include:

  a. Financial Statements of Defendants CFLA and Lehman, including the attachments, signed on June 30, 2019 and submitted to the Bureau on or about June 30, 2019;

  b. Defendant Lehman's oral testimony provided on or about November 13 and 14, 2018.

  c. CFLA's payroll records provided on or about August 12, 2019.

  d. Bank statements provided on or about August 19, 2019.

  e. Financial Statements of Defendants CFLA and Lehman, including the attachments, signed on June 2, 2020 and submitted to the Bureau on or about June 4, 2020, and which were then supplemented with tax re3turns for 2017, 2018 and 2019 on June 8, 2020 and supplemented with additional account statements on June 19, 2020.

  20. If upon motion by the Bureau, the Court determines that Defendant CFLA or Lehman has failed to disclose any material asset or that any of their financial statements or oral testimony contain any material misrepresentation or omission, including materially misstating the value of any asset, the Court shall terminate the suspension of the order to pay redress entered in Section III and, without further adjudication, shall reinstate the order to pay redress entered in Section III and the full order to pay redress of $3,000,000 shall be immediately due and payable, less any amounts paid to the Bureau under Section III of this Order.

  21. If the Court terminates the suspension of the order to pay redress under this Section, the Bureau will be entitled to interest on the order to pay redress computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

  22. Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this provision would be in addition to, and not in lieu of any

other civil or criminal remedies as may be provided by law, including any other proceedings that the Bureau may initiate to enforce this Order.

## VI.

## Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

23. In the event of any default on Defendants CFLA's or Lehman's obligation to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

24. Defendants CFLA and Lehman relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendants CFLA or Lehman.

25. The facts alleged in the Amended Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

26. The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Bureau under Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Defendant, even in such Defendant's capacity as debtor-in-possession.

27. Under 31 U.S.C. § 7701, Defendants CFLA and Lehman, unless they already have done so, must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

28. Within 30 days of the entry of a final judgment, Order, or settlement in a Related Consumer Action, the affected defendant must notify the Enforcement Director of the final judgment, Order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendants CFLA or Lehman paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

29. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, neither Defendant CFLA nor Lehman may argue that they are entitled to, nor may either Defendant CLFA or Lehman benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the redress or civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against either Defendants CLFA or Lehman based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, either Defendant CFLA or Lehman, as applicable, must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

30. Under Section 604(a)(I) of the Fair Credit Reporting Act, 15 U.S.C.§ 168l b(a)(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the Bureau, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

**COMPLIANCE PROVISIONS**

**VII.**

# Reporting Requirements

**IT IS FURTHER ORDERED** that:

31. Defendant CFLA or Lehman or both, as applicable, must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, the filing of any bankruptcy or insolvency proceeding by or against Defendant CFLA or Lehman; or a change in Defendant CFLA or Lehman's name or address. Defendant CFLA or Lehman or both, as applicable, must provide this notice at least 30 days before the development or as soon as practicable after the learning about the development, whichever is sooner.

32. Within 7 days of the Effective Date, both Defendants CFLA and Lehman must each:

    a. Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendants CFLA and Lehman;

    b. Identify all businesses for which Defendant CFLA or Lehman is the majority owner, or that Defendant CFLA or Lehman directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    c. Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

    d. Identify Defendants CFLA and Lehman's telephone numbers and all email, Internet, physical, and postal addresses, including all residences;

    e. Describe in detail Defendant CFLA's or Lehman's involvement in any business for which either performs services in any capacity or which either wholly or partially owns, including Defendant CFLA's or

13

>Lehman's title, role, responsibilities, participation, authority, control, and ownership.

33. Defendants CFLA and Lehman must report any change in the information required to be submitted under Paragraph 31 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

34. Within 90 days of the Effective Date, and again one year after the Effective Date, both Defendant CFLA and Lehman must each submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

>a. Lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which each Defendant has complied with each such paragraph and subparagraph of this Order;
>
>b. Attaches a copy of each Order Acknowledgment obtained under Section VIII, unless previously submitted to the Bureau.

After the one-year period, both Defendant CFLA and Lehman must each submit to the Enforcement Director additional Compliance Reports within 14 days of receiving a written request from the Bureau.

## VIII.
## Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that,

35. Within 7 days of the Effective Date, Defendants CFLA and Lehman must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

36. For 5 years from the Effective Date, both Defendant CFLA and Lehman, for any business for which either is the majority owner or which either directly or indirectly controls, must each deliver a copy of this Order to any business entity resulting from any

change in structure referred to in Section VII, Reporting Requirements, any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

37. Both Defendant CFLA and Lehman must each secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## IX.
## Recordkeeping

**IT IS FURTHER ORDERED** that

38. Both Defendant CFLA and Lehman, for any business for which either is a majority owner or which either directly or indirectly controls, must each create, for at least 5 years from the Effective Date, the following business records: All documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

39. Both Defendant CFLA and Lehman must each retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

## X.
## Notices

**IT IS FURTHER ORDERED** that:

40. Unless otherwise directed in writing by the Bureau, Defendants CFLA and Lehman must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "CFPB v. Certified Foresnic Loan

Auditors, et al., Case No. CV 19-07722," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

>Assistant Director for Enforcement
>Bureau of Consumer Financial Protection
>ATTENTION: Office of Enforcement
>1700 G Street, N.W.
>Washington D.C. 20552

## XI.
## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

41. Defendants CFLA and Lehman must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants CFLA and Lehman must provide such information in its or its agents' possession or control within 14 days of receiving a written request from the Bureau.

42. Defendants CFLA and Lehman must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Amended Complaint, including the identification of CFLA's current and former employees and contractors and current and former customers. Defendants CFLA and Lehman must provide truthful and complete information, evidence, and testimony. Defendants CFLA and Lehman must appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XII.
## Compliance Monitoring

**IT IS FURTHER ORDERED** that, to monitor Defendants CFLA's and Lehman's compliance with this Order, including the financial representations upon which the order to pay redress and part of the civil money penalty was suspended:

43. Within 14 days of receipt of a written request from the Bureau, either Defendant CFLA, Lehman or both, as applicable, must submit additional compliance reports or other requested non-privileged information, related to requirements of this Order, which must be sworn under penalty of perjury; provide sworn testimony related to requirements of this Order and Defendants CFLA's and Lehman's compliance with those requirements; or produce non-privileged documents related to requirements of this Order and Defendants CFLA's and Lehman's compliance with those requirements.

44. For purposes of this Section, the Bureau may communicate directly with Defendants CFLA and Lehman, unless Defendants CFLA or Lehman or counsel they retain notifies the Bureau that they have retained counsel related to these communications.

45. Defendants CFLA and Lehman must permit Bureau representatives to interview about the requirements of this Order and Defendants CFLA's and Lehman's compliance with those requirements any employee or other person affiliated with Defendants CFLA or Lehman who has agreed to such an interview. The person interviewed may have counsel present.

46. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## XIII.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

47. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

## XIV.

## Pending Motions

48. All pending motions are hereby denied as moot.

## XV.

## Service

**IT IS FURTHER ORDERED that:**

49. This Order may be served upon Defendants CFLA and Lehman by electronic mail, certified mail, or United Parcel Service, either by the United States Marshal, the Clerk of the Court, or any representative or agent of the Bureau.

**IT IS SO ORDERED**.

DATED this ___ day of _____, 20__.

_____

United States District Court Judge