FILED
CLERK, U.S. DISTRICT COURT
4/28/2025
CENTRAL DISTRICT OF CALIFORNIA
BY   RYO   DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection <br>     Plaintiff. <br><br> vs. <br><br> Certified Forensic Loan Auditors, LLC, (CA); Certified Forensic Loan Auditors, LLC (TX); Andrew P. Lehman; and Michael Carrigan, <br><br>     Defendants. | CIVIL ACTION No. <br> CV 19-07722-ODW (JEMx) |

### MARK BURKE AND JOANNA BURKE'S MOTION TO INTERVENE AND MOTION TO REOPEN CASE AS PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

**Motion to Intervene**

Proposed Intervenors, Mark Burke and Joanna Burke ("the Burkes") contend that intervention is justified in this matter as their substantial interests are directly tied to the violations of the settlement of this litigation.

This motion is accompanied by the memorandum in support herein and follows Fed. R. Civ. P. 24(c). The Burkes highlight the relevance of the prior CFPB settlement with CFLA and Lehman, closed in July 2020, as it pertains to this motion. The Burkes contend that the settlement and related litigation significantly impact their interests and form the basis for this intervention.

1

## Judicial Notice

The Burkes request judicial notice of the cited cases and references to establish their relevance to this matter. This request is made pursuant to the standards outlined in *Dorsey v. Portfolio Equities Inc.*, 540 F.3d 333, 338 (5th Cir. 2008), and *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## Motion to Reopen Case

The Burkes respectfully request this court reopen this case. On June 20, 2020, there was an agreed settlement. As part of this settlement, there was a STIPULATED FINAL JUDGMENT AND ORDER AS TO CERTIFIED FORENSIC LOAN AUDITORS, LLC (CA), CERTIFIED FORENSIC LOAN AUDITORS (TX) AND ANDREW P. LEHMAN, Dkt 93 (July 20, 2020).

Specifically, Paragraph 10 of the stipulated judgment states: -

"A judgment for monetary relief is entered in favor of the Bureau and against Defendants CFLA and Lehman, jointly and severally, in the amount of $3 million for the purpose of **providing redress to Affected Consumers**." (emphasis added).

## Background Summary

### This Action

On July 20, 2020, the United States District Court for the Central District of California entered a final judgment resolving the Consumer Financial Protection Bureau's (CFPB) allegations against Certified Forensic Loan Auditors, LLC (CFLA) and Andrew Lehman (Lehman). The CFPB alleged that CFLA and Lehman engaged in deceptive and abusive practices, including false claims about their services and qualifications, and charging illegal upfront fees, in violation of the Consumer Financial Protection Act of 2010 (CFPA) and Regulation O. The court permanently

banned CFLA and Lehman from the industry, imposed a suspended $3 million restitution judgment, and levied a $40,000 civil penalty.

The Burkes qualify as Affected Consumers because Joanna Burke and her late husband, John Burke, were former clients of CFLA and victims of its deceptive practices according to Lehman, and as admitted in court proceedings. See; Judge Gail Killefer's Default Judgment Opinion signed Dec. 2, 2024 at p.5, #3.[1]

Mark Burke has been directly impacted by Lehman's unlawful actions, which surfaced after the settlement's publication in July 2020, necessitating this intervention to reopen the case and secure restitution for these unresolved harms.

### Lehman's Civil and Criminal History Relevant to this Motion

Andrew Peter Lehman has a lengthy documented history of criminal actions and ongoing vexatious civil litigation, underscoring a pattern of misconduct.[2]

---

[1] 23STCV00341 - ANDREW LEHMAN, ET AL. VS MARK BURKE, ET AL, Los Angeles Superior Court, Judgment, Dec. 12, 2024.

[2] See; "Roadmap" Exhibit 222; Latest comment threats on LawsinTexas.com by Lehman, Exhibit 2222; Defendant & Proposed Intervenor's Response & Plea To The Jurisdiction, 04/03/2025 in Harris County District Court Case # 202514896 - LEHMAN, ANDREW P vs. BLOGGER INC (Court 215).

On January 9, 2023, Lehman initiated a defamation lawsuit in Los Angeles Superior Court (23STCV00341)[3] against Mark Burke and the republication of a CFPB article on LawsInTexas.com about the underlying case. Despite being domiciled in Texas and under criminal court supervision and bond restrictions, Lehman filed as a pauper and was granted In Forma Pauperis ("IFP") status.

A void default judgment was later entered on December 12, 2024, awarding Lehman and co-Plaintiff Monica Lynn Riley, now incarcerated to serve out a five-year jail sentence, $1,991,194.12 in damages and injunctive relief. Lehman has since sought to domesticate this judgment in Harris County District Court (202514896)[4].

### The Burkes Connection and Relevance

Joanna Burke and her late husband, John Burke, have faced prolonged litigation stemming from predatory mortgage lending practices. Notably, they prevailed in Deutsche Bank National Trust Company v. Burke, S.D. Texas, (4:11-cv-01658) and continue to address related issues, with Joanna currently engaged in active litigation against PHH Mortgage Corporation.

Mark Burke, on the other hand, operates Blogger Inc. and publishes investigative journalism through LawsInTexas.com. His connection to the case arises from Lehman's legal actions targeting his publication and the article regarding the CFPB settlement.

---

[3] 23STCV00341 - ANDREW LEHMAN, ET AL. VS MARK BURKE, ET AL, Los Angeles Superior Court, "Case Type: Defamation (slander/libel) (General Jurisdiction), assigned to Judge Gail Killefer.

[4] 202514896 – LEHMAN, ANDREW P vs. BLOGGER INC (Court 215, NATHAN J. MILLIRON), Harris County District Court, Texas.

Lehman's actions, directly affect the Burkes interests and underscore their need to intervene in the CFPB settlement case.

## Memorandum of Law in Support of Intervention

Mark Burke is the proprietor of Blogger Inc., a nonprofit entity registered in Delaware and the legal blog LawsinTexas.com, which is dedicated to investigative journalism, particularly focusing on legal matters of public concern. To comprehend the significance, a brief overview is necessary. Behind every business stands an owner, entwined with a personal life. In Mark's case, his digital media businesses facilitate a home office, doubling as his residence, which has been embroiled in prolonged litigation due to a predatory loan, which became the focus of a federal lawsuit, *Deutsche Bank National Trust Company v. Burke* (4:11-cv-01658) District Court, S.D. Texas, commenced Apr. 11, 2011. Legally owned by Joanna Burke, Mark's mother, the property has hosted Mark's home office since 2009.

John and Joanna Burke defeated Deutsche Bank twice in the 2011 proceedings, first at a bench trial in 2015 and again on remand in late December of 2017. However, Joanna Burke is still embroiled in an active civil suit against PHH Mortgage Corporation in *Burke v. PHH Mortgage Corporation* which relates to the 2011 proceedings.

At all times, the home remains the permanent residence of the Burkes.

## Intervention Under Civil Rule 24(a)(2)

Under the Federal Rules of Civil Procedure, Proposed Intervenor must satisfy four essential requirements for intervention: timeliness, a necessary interest, impairment of that interest without intervention, and the inadequacy of protection absent intervention (Fed. R. Civ. P. 24(a)(2)).

5

## Necessary Interest

As explained above, the Proposed Intervenors have asserted their direct interest in the subject matter of the litigation, a necessary condition for intervention (*Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001)).

This interest, related to the subject of the action, is legally protectable even if not enforceable, as per *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016). Joanna Burke's interests are as an "affected consumer" who has been subjected to stalking, as well as vile and harassing behavior by Lehman. He has made derogatory statements and has stalked her home while under strict supervision of Texas courts (wearing an ankle monitor). He and left repulsive statements on the front of documents left on her front door and created a website slandering her name and reputation and that of her deceased husband. These are detailed in related proceedings, listed herein, including Case No. 202311266 - KRUCKEMEYER, ROBERT J vs. BLOGGER INC D/B/A LAWIN TEXAS.COM (Court 152), Harris County District Court, Texas, Addendum L, Img # 108883355, 06/27/2023.

Mark Burke is intricately tied to Lehman due to his ongoing vexatious litigation targeting Mark Burke and his business interests. The imminent threat to his home office (residence) as a result of the latest legal maneuver by Lehman directly implicates his business, possessions, civil liberty, and constitutional rights.

As a result, the urgency of the Burke's proposed intervention is evident in the intertwined personal, business, and legal battles. It is necessary that the Burkes obtain intervention in these proceedings as interested parties and affected consumer(s).

## Timeliness of Intervention

This motion to intervene is timely, in alignment with the contextual nature of the timeliness inquiry (*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). This case involves a 5-year period tied to the deferred penalties, and the Burkes have filed this motion before that period expires. Their filing also follows Lehman's attempt to domesticate a void judgment of nearly $2 million and his threats to foreclose on the Burkes residence, further emphasizing the urgency of their intervention.

Moreover, recent developments lend further weight to this motion. Following political changes after the 2024 election and the CFPB's deactivation, enforcement efforts were significantly delayed or discontinued. Despite these challenges, the Ninth Circuit's recent ruling in *Consumer Financial Protection Bureau v. CashCall, Inc.*, No. 23-55259 (9th Cir. Apr. 24, 2025) confirms that judgments from prior CFPB actions remain enforceable, including restitution.

## Impairment of Interest Without Intervention

Without intervention, the Burkes substantial interests — including their rights to restitution and protection from further harm — would be significantly impaired.

Joanna Burke, a former client of CFLA and victim of Lehman's deceptive practices, has a direct stake in the restitution outlined in the CFPB settlement.

Mark Burke faces ongoing litigation and direct challenges to his investigative journalism as a result of Lehman's retaliatory actions, further underscoring the need to safeguard their rights. Adequate representation is lacking due to the CFPB's current standing with the present administration, necessitating intervention to ensure their interests are preserved.

Intervention is crucial to safeguard these interests, as recognized in cases such as *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828-29 (5th Cir. 1967). The Fifth Circuit has established that intervention is warranted when significant interests may be impaired without direct representation. Similarly, the Ninth Circuit in *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006), emphasized that intervention is appropriate where a party demonstrates a substantial interest that risks being impeded or impaired if intervention is denied, particularly when existing parties cannot adequately represent that interest.

The Burkes rights to restitution and protection from Lehman's actions align with these principles, underscoring the necessity of intervention to ensure their interests are preserved.

### Inadequacy of Protection Absent Intervention

The Burkes assert that their interests cannot be adequately protected without intervention. The CFPB, while instrumental in the original settlement, has demonstrated a lack of action in responding to the Burkes requests for assistance.

Relying on the CFPB's 2020 settlement with CFLA and Lehman, the Burkes sought Lehman's current address to address ongoing harassment and retaliatory actions against them. Despite detailing the harm caused by Lehman, including stalking, slander, vexatious litigation, and threats to their residence, the CFPB arranged a phone call with Mark Burke, but during this phone call declined to act on their behalf or provide a current address for Lehman, which had been requested to address these ongoing retaliatory actions.

This refusal emphasizes the CFPB's inability to enforce the settlement terms, including securing restitution for affected consumers as outlined in the $3 million judgment.

Mark Burke seeks intervention to ensure proper restitution and protect his financial interests. Lehman's ongoing legal maneuvers — such as his efforts to domesticate a void $2 million judgment through litigation — further highlight the urgency of intervention to safeguard the Burkes rights.

These retaliatory actions directly impact the Burkes property, personal safety, financial well-being, and constitutional rights, necessitating representation beyond what the CFPB can offer.

Judicial precedents strongly support intervention under circumstances where existing parties fail to adequately protect substantial interests.

As established in *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001), intervention ensures that legally protectable interests are represented effectively.

Similarly, *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) underscores that intervention is warranted when a party's interests risk being impaired without direct involvement.

The Burkes unique position as affected consumers and subjects of Lehman's retaliatory actions further demonstrate the inadequacy of protection absent their intervention.

### Declaration

Pursuant to 28 U.S.C. § 1746, a litigant may submit an unsworn declaration in lieu of a sworn affidavit as evidence in federal court proceedings, including in opposition to summary judgment. See *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988) ('Section 1746 allows a written unsworn declaration, subscribed as true under penalty of perjury, to substitute for an affidavit.').

This principle has also been upheld in the Ninth Circuit. See *Schwarzer, Tashima &*

*Wagstaffe,* Federal Civil Procedure Before Trial, § 14:131 (The Rutter Group 2025) ('Unsworn declarations under penalty of perjury are permissible under 28 U.S.C. § 1746 and carry the same evidentiary weight as affidavits.').

I, Mark Stephen Burke, my date of birth is June 20, 1967, residing at 46 Kingwood Greens Dr, Kingwood, Texas, 77339, declare under penalty of perjury under the laws of the United States of America that the information contained herein is true and correct.

I, Joanna Burke, my date of birth is November 25, 1938, residing at 46 Kingwood Greens Dr, Kingwood, Texas, 77339, declare under penalty of perjury under the laws of the United States of America that the information contained herein is true and correct.

## Conclusion

For the foregoing reasons, the Burkes respectfully request that this Court grant their (i) motion to reopen the case and (ii) motion to intervene.

The Burkes meet all the legal requirements for intervention as established by relevant judicial precedents, including *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001), and *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Their substantial and legally protectable interests—ranging from restitution as affected consumers to protections from ongoing retaliatory actions—cannot be adequately represented without their direct participation in these proceedings.

The motions are timely, and the Burkes have demonstrated the inadequacy of existing representation, the impairment of their interests without intervention, and the necessity of their involvement to ensure justice is served.

With these factors firmly established, the Burkes respectfully urge the Court to grant their motions, ensuring that justice is achieved and their rights are fully protected as intervenors.

RESPECTFULLY submitted this day, 28th of April, 2025

<u>Mark Burke</u>

<u>Joanna Burke</u>

Harris County, State of Texas
46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (346) 763-2074
Fax: (866) 705-0576
Emails: blog@bloggerinc.org;
joanna@2dobermans.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion and memorandum comply with the applicable requirements of the Federal Rules of Civil Procedure.

## CERTIFICATE OF CONFERENCE

I attest to conferring by emailing counsel for all the parties in these proceedings on April

11

28, 2025. At the time of filing, no responses were received from counsel for CFPB or Andrew Lehman. The contact and email addresses are shown below:

BENJAMIN VAUGHN, DC Bar #999347

E-mail: Benjamin.vaughn@cfpb.gov

Phone: (202) 435-7964

GABRIEL HOPKINS, NY Bar #5242300

Email: Gabriel.hopkins@cfpb.gov

Phone: (202) 435-7842

1700 G Street, NW

Washington, DC 20552

Fax: (202) 435-7722

LEANNE E. HARTMANN, CA Bar #264787 - Local Counsel

E-mail: Leanne.hartmann@cfpb.gov

301 Howard St., Suite 1200

San Francisco, CA  94105

Phone: (415) 844-9787

Fax: (415) 844-9788

Attorneys for Plaintiff Bureau of Consumer Financial Protection

Andrew Lehman
lehmanlaw2002@gmail.com

957 Nasa Parkway #1102
Houston, Texas, 77058
Tel: 713-903-9690

Defendant/CFLA

Mark Burke
Harris County, State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2025, I uploaded this motion to the court via EDSS including the proposed order, and serving via email a copy to counsel for the parties,

Mark Burke
Harris County, State of Texas