FILED
CLERK, U.S. DISTRICT COURT
06/24/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____GSA____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection | ) | CIVIL ACTION No. |
| | ) | CV 19-07722-ODW (JEMx) |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Certified Forensic Loan Auditors, LLC, (CA); Certified Forensic Loan Auditors, LLC (TX); Andrew P. Lehman; and Michael Carrigan, | ) ) ) ) | |
| | | |
| Defendants. | | |

## MARK BURKE AND JOANNA BURKE'S MOTION TO INTERVENE AND MOTION TO REOPEN CASE AS PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

### Motion to Intervene

Proposed Intervenors, Mark Burke and Joanna Burke ("the Burkes") contend that the intervention threshold is low (the threshold for intervention as a right under Federal Rule of Civil Procedure 24(a) is often considered low due to the rule's focus on practical impairment of interests and liberal construction by the courts), and intervention is justified in this matter as their substantial interests are directly tied to the violations of the "suspended" judgment and settlement of this litigation. The Burkes respectfully renew their motion to intervene of right and to reopen this matter pursuant to Fed. R. Civ. P. 24(a)(2).

1

## Procedural Compliance

The original motion was stricken for lack of conference. That procedural defect is now cured and the transcribed communication thread below is also provided as EXHIBIT 1 CONFER. The Burkes therefore submit this amended motion in full compliance with Local Rule 7-3.

A meet-and-confer with CFPB counsel was arranged for Tuesday, May 27, 2025 during which the Bureau refused to participate, refused to provide any legal position and Mark Burke for the Burkes was left frustrated despite his own transparency during the voice conference. Post-conference, it would take several email follow-ups to receive any meaningful responses from the CFPB. The first would be at 7.46 am CST on June 2, 2025: -

> *Mr. Burke, Thank you for the productive meet and confer conference on April 27. The Bureau does not consent to the proposed motion to reopen and intervene in Consumer Fin. Protection Bureau v. Certified Forensic Loan Auditors, LLC, et al., No. 19-07722, as the standards for intervention under Fed. R. Civ. Pro. 24 have not been satisfied. The proposed intervention is untimely and unwarranted, as the CFPB's regulatory enforcement action was resolved in 2020, and bears no legal relation to Andrew Lehman's private state court action for defamation. Any defenses to the claims in that action are properly presented in that forum, as appropriate. To the extent you have concerns for your personal safety and that of your mother, we encourage you to contact local law enforcement to address them. Sincerely, Gabriel Hopkins (Snr Counsel, CFPB).*

Mark Burke responded at 11.06 am:

> *Good morning, Mr. Hopkins, Thank you for your response. After reviewing the details, I have a couple of questions regarding our recent phone conversation. First, addressing the "Affected Consumer" element: During our call, I informed you that Mr. Lehman explicitly admitted that Joanna Burke and John Burke qualify as "affected consumers" as defined in your stipulated judgment. Specifically, Paragraph 10 of the stipulated judgment states:"A judgment for monetary relief is entered in favor of the Bureau and against Defendants CFLA and Lehman, jointly and severally, in the amount of $3 million **for the purpose of providing redress to Affected Consumers.**" (emphasis added). Given this clear designation, what is*

2

*your position on the refusal to grant an affected consumer access to financial redress? This is both a necessary and timely remedy. Second, regarding the claim of "untimeliness": What is the intended purpose of a stipulated judgment that includes a five-year revocation period if there is no enforcement? To illustrate, consider an analogy we discussed during our call: Mr. Lehman was revoked [sic, arrested on motion to revoke] in Texas due to being in a stolen vehicle while in possession of, and under the influence of, a controlled substance—an incident that directly endangered his one-year-old child. This occurred alongside Ms. Monica Riley, who was also revoked and is now serving a five-year prison sentence. Does a stipulated five-year civil judgment not function in the same manner? For example, in CFPB v Prehired (adversary proceeding, Delaware Bankruptcy Court), there was also a stipulated final judgment issued in Case 23-50438-JTD, Doc 15, Filed 11/20/23. I look forward to your clarification on these matters. Sincerely, Mark Burke.*

With no response after two reminders, at 1.31. pm CST on June 5, 2025, Mark Burke

followed up with:

*Good Afternoon Mr. Hopkins, **Urgent Response Required – Conference & Prehired Precedent** This marks the third formal request for your response regarding our conference. Your previous replies remain legally insufficient, and I now anticipate an immediate and professional response. Additionally, I have followed with great interest the recent communications concerning the Prehired adverse bankruptcy case. As I previously referenced, eleven states have ensured that affected consumers of predatory lending can obtain over $4 million in restitution. Yet, in these proceedings, you persist in denying such relief—even when supported by a California judgment. Notably:"Prehired was in bankruptcy and unable to issue refunds to its victims. In such cases, the CFPB's Civil Penalty Fund is available to compensate harmed victims. See 12 C.F.R. § 1075.103. Our offices worked with the CFPB to secure an allocation from the Civil Penalty Fund, in the amount of $4,248,249. The CFPB finalized the allocation on May 30, 2024." Now, the latest developments confirm that the CFPB, Mr. Vought, and President Trump, among others, are fulfilling this agreement—despite prior delays exceeding a year. I see no legal obstacle to our proposed intervention, which should secure identical relief. Given the clear precedent set by the Prehired settlement and the availability of the Civil Penalty Fund, our position is fully justified. I expect your timely response. Sincerely, Mark Burke.*

3

This triggered the final response from Mr Hopkins at 2.37 PM CST on Friday, June 6, 2025

*Mr. Burke, The action that CFPB filed against CFLA was a public regulatory action to enforce federal law. It is not the proper forum for a private plaintiff to pursue individual claims for redress. Redress for individual Affected Consumers was administered through a claims process overseen by the Bureau that is now closed. As I noted in my previous response, the Bureau has concluded that you and Ms. Burke do not otherwise meet the standards for intervention as of right as articulated in the Ninth Circuit, including the element of timeliness. As there does not appear to be any compromise position between intervention and non-intervention that the parties could pursue, we consider the obligation to meet and confer under Local Rule 7-3 to have been satisfied as to the Bureau. Regards, Gabriel Hopkins, Senior Litigation Counsel, Enforcement Division*

### The Proposed Intervention Coincides With the "Dismantling" of the CFPB by the New Trump 47 Administration

The CFPB's response to the Burkes intervention: "The Bureau does not consent to the proposed motion to reopen and intervene" is not a surprising statement in these proceedings, but most certainly an unlawful statement.

Since the new Trump 47 Administration has taken office:-

1. **On Feb. 1, 2025** President Donald Trump fired Rohit Chopra, the director of the Consumer Financial Protection Bureau.

2. **On Feb. 7, 2025**, Elon Must posted on X: "CFPB RIP".

   See; https://lawsintexas.com/pr/3ya

3. **On Feb 23, 2025** a 60 Minutes video confirms President Trump stating: "that was a vicious group of people running it [CFPB], they really destroyed a lot of people… President Trump then agrees with a reporter that he is trying to "eliminate" the CFPB as he is "trying to get rid of waste, fraud and abuse".

   See; https://lawsintexas.com/pr/3y8 [3 min 23 secs], last visited June 22, 2025.

4

4. **On March 28, 2025**, U.S. District Judge Amy Berman Jackson ordered a preliminary injunction that temporarily halted the Trump administration's plan to lay off nearly 1,500 of the 1,700 employees at the Consumer Financial Protection Bureau. This order was appealed by the government. On April 11, 2025, the D.C. Circuit Court of Appeals issued a partial stay of the injunction. However, on April 28, 2025, the D.C. Circuit Court of Appeals reinstated the protection against layoffs, ensuring that employees could receive meaningful relief should the defendants not prevail in the appeal. The appeal of the preliminary injunction was later dismissed on May 7, 2025, as the order appealed from had expired by its own terms.

5. **On May 6, 2025**, 11 Attorney Generals wrote to the CFPB seeking enforcement and payment of $4.2M from the Civil Penalty Fund re Prehired. See; Burkes Email from Jun 5, 2025: Exhibit: [Final-CFPB-Prehired-Letter-050625.pdf](Final-CFPB-Prehired-Letter-050625.pdf).

6. **On June 5, 2025,** California's Dept of Financial Protection and Innovation said that the CFBP is now making good on a $4.2 million redress plan for former students of a shuttered sales-training firm following agency delays and subsequent pressure from various states.

7. **On June 6, 2025,** Mr Hopkins refused to engage in the Prehired settlement which was outlined in the email follow up from the Burkes on Jun 5, 2025.

8. **On Jun 10, 2025** Cara Petersen, the Consumer Financial Protection Bureau's acting enforcement director, resigned from the agency stating in part *"I have served under every Director and Acting Director in the Bureau's history and never before have I*

*seen the ability to perform our core mission so under attack. It is clear that the Bureau's current leadership has no intention to enforce the law in any meaningful way."*

See; https://lawsintexas.com/pr/3y9, 'CFPB enforcement lead resigns, slams 'attack' on core mission in departure email', CNN, last visited Jun 22, 2025.

9. **On Jun 18, 2025**, and as a direct result of the Burkes conference discussions with the CFPB, they "would restrict use of the fund to compensation for consumers impacted by companies subject to civil actions… In the 12 years since the rule was created, the CFPB has allocated $3.6 billion from the fund for "victims of activities for which civil penalties have been imposed under federal consumer financial laws." See; https://lawsintexas.com/pr/3yb 'CFPB Wants to Scale Back Use of Civil Penalty Fund', PYMNTS, last visited Jun 22, 2025.

10. **On Jun 20, 2025** 'US Senate referee rules against cuts to CFPB, financial regulators in tax and spending bill'. See; https://lawsintexas.com/pr/3yd, Reuters, last visited Jun 23, 2025. Senate parliamentarian Elizabeth MacDonough, whose role is to ensure lawmakers follow proper legislative procedure, said a provision to effectively eliminate the budget for the CFPB could not be approved via a simple majority vote in the Republican-controlled chamber.

### Defining Affected Consumers, Claims Processed and Suspended Judgments

The Bureau's refusal to enforce its own "suspended" stipulated judgment in favor of "Affected Consumers" like the Burkes, while simultaneously reviving redress in *CFPB v. Prehired* under pressure from state attorneys general, exposes a troubling double standard: institutional actors are heard; pro se consumers are ignored.

Mr Hopkins disingenuous email on Jun 6, in part: *"Redress for individual Affected Consumers was administered through a claims process overseen by the Bureau that is now closed."*. However, as lifted directly from the CFPB's own press release (see; https://lawsintexas.com/pr/3yf, 'Consumer Financial Protection Bureau Announces Settlement with Foreclosure Relief Services Company and its Owner', Jul 20, 2020, there was no claims process, it was suspended.

This motion is accompanied by the memorandum in support herein and follows Fed. R. Civ. P. 24(c). The Burkes highlight the relevance of the prior CFPB settlement with CFLA and Lehman, closed in July 2020, as it pertains to this motion. The Burkes contend that the settlement and related litigation significantly impact their interests and form the basis for this intervention.

## Judicial Notice

The Burkes request judicial notice of the cited cases and references to establish their relevance to this matter. This request is made pursuant to the standards outlined in *Dorsey v. Portfolio Equities Inc.*, 540 F.3d 333, 338 (5th Cir. 2008), and *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## Motion to Reopen Case

The Burkes respectfully request this court reopen this 'suspended judgment' case. On June 20, 2020, there was an agreed settlement. As part of this settlement, there was a STIPULATED FINAL JUDGMENT AND ORDER AS TO CERTIFIED FORENSIC LOAN AUDITORS, LLC (CA), CERTIFIED FORENSIC LOAN AUDITORS (TX) AND ANDREW P. LEHMAN, Dkt 93 (July 20, 2020).

Specifically, Paragraph 10 of the stipulated judgment states: -

"A judgment for monetary relief is entered in favor of the Bureau and against Defendants CFLA and Lehman, jointly and severally, in the amount of $3 million for the purpose of **providing redress to Affected Consumers**." (emphasis added).

## Background Summary

### This Action

On July 20, 2020, the United States District Court for the Central District of California entered a final judgment resolving the Consumer Financial Protection Bureau's (CFPB) allegations against Certified Forensic Loan Auditors, LLC (CFLA) and Andrew Lehman (Lehman). The CFPB alleged that CFLA and Lehman engaged in deceptive and abusive practices, including false claims about their services and qualifications, and charging illegal upfront fees, in violation of the Consumer Financial Protection Act of 2010 (CFPA) and Regulation O. The court permanently banned CFLA and Lehman from the industry, imposed a suspended $3 million restitution judgment, and levied a $40,000 civil penalty.

The Burkes qualify as Affected Consumers because Joanna Burke and her late husband, John Burke, were former clients of CFLA and victims of its deceptive practices according to Lehman, and as admitted in court proceedings. See; Judge Gail Killefer's Default Judgment Opinion signed Dec. 2, 2024 at p.5, #3.[1]

---

[1] 23STCV00341 - ANDREW LEHMAN, ET AL. VS MARK BURKE, ET AL, Los Angeles Superior Court, Judgment, Dec. 12, 2024.

Mark Burke has been directly impacted by Lehman's unlawful actions, which surfaced after the settlement's publication in July 2020, necessitating this intervention to reopen the case and secure restitution for these unresolved harms.

### Lehman's Civil and Criminal History Relevant to this Motion

Andrew Peter Lehman has a lengthy documented history of criminal actions and ongoing vexatious civil litigation, underscoring a pattern of misconduct.[2]

On January 9, 2023, Lehman initiated a defamation lawsuit in Los Angeles Superior Court (23STCV00341)[3] against Mark Burke and the republication of a CFPB article on LawsInTexas.com about the underlying case. Despite being domiciled in Texas and under criminal court supervision and bond restrictions, Lehman filed as a pauper and was granted In Forma Pauperis ("IFP") status.

A void default judgment was later entered on December 12, 2024, awarding Lehman and co-Plaintiff Monica Lynn Riley, now incarcerated to serve out a five-year jail sentence,

---

[2] See; "Roadmap" Exhibit 222; Latest comment threats on LawsinTexas.com by Lehman, Exhibit 2222; Defendant & Proposed Intervenor's Response & Plea To The Jurisdiction, 04/03/2025 in Harris County District Court Case # 202514896 - LEHMAN, ANDREW P vs. BLOGGER INC (Court 215).

[3] 23STCV00341 - ANDREW LEHMAN, ET AL. VS MARK BURKE, ET AL, Los Angeles Superior Court, "Case Type: Defamation (slander/libel) (General Jurisdiction), assigned to Judge Gail Killefer.

$1,991,194.12 in damages and injunctive relief. Lehman has since sought to domesticate this judgment in Harris County District Court (202514896)[4].

### The Burkes Connection and Relevance

Joanna Burke and her late husband, John Burke, have faced prolonged litigation stemming from predatory mortgage lending practices. Notably, they prevailed in Deutsche Bank National Trust Company v. Burke, S.D. Texas, (4:11-cv-01658) and continue to address related issues, with Joanna currently engaged in active litigation against PHH Mortgage Corporation.

Mark Burke, on the other hand, operates Blogger Inc. and publishes investigative journalism through LawsInTexas.com. His connection to the case arises from Lehman's legal actions targeting his publication and the article regarding the CFPB settlement.

Lehman's actions, directly affect the Burkes interests and underscore their need to intervene in the CFPB settlement case.

### Memorandum of Law in Support of Intervention

Mark Burke is the proprietor of Blogger Inc., a nonprofit entity registered in Delaware and the legal blog LawsinTexas.com, which is dedicated to investigative journalism, particularly focusing on legal matters of public concern. To comprehend the significance, a brief overview is necessary. Behind every business stands an owner, entwined with a personal life. In Mark's case, his digital media businesses facilitate a home office, doubling as his residence, which has been

---

[4] 202514896 – LEHMAN, ANDREW P vs. BLOGGER INC (Court 215, NATHAN J. MILLIRON), Harris County District Court, Texas.

10

embroiled in prolonged litigation due to a predatory loan, which became the focus of a federal lawsuit, *Deutsche Bank National Trust Company v. Burke* (4:11-cv-01658) District Court, S.D. Texas, commenced Apr. 11, 2011. Legally owned by Joanna Burke, Mark's mother, the property has hosted Mark's home office since 2009.

John and Joanna Burke defeated Deutsche Bank twice in the 2011 proceedings, first at a bench trial in 2015 and again on remand in late December of 2017. However, Joanna Burke is still embroiled in an active civil suit against PHH Mortgage Corporation in *Burke v. PHH Mortgage Corporation* which relates to the 2011 proceedings.

At all times, the home remains the permanent residence of the Burkes.

### Intervention Under Civil Rule 24(a)(2)

Federal Rule of Civil Procedure 24(a)(2) allows intervention as a right when an applicant claims an interest relating to the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede their ability to protect that interest, unless the existing parties adequately represent that interest. This language emphasizes the real-world impact of the litigation on the potential intervenor's rights and interests. Courts construe Rule 24 "liberally" to allow parties with a legitimate interest to participate, resolving doubts in favor of proposed intervenors. The Burkes meet the requirements. The CFPB's current presence does not protect that interest, rather it impedes the Burkes interests and is wholly inadequate.

Under the Federal Rules of Civil Procedure, Proposed Intervenor must satisfy four essential requirements for intervention: timeliness, a necessary interest, impairment of that interest without intervention, and the inadequacy of protection absent intervention (Fed. R. Civ. P. 24(a)(2)).

11

**Necessary Interest**

As explained above, the Proposed Intervenors have asserted their direct interest in the subject matter of the litigation, a necessary condition for intervention (*Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001)).

This interest, related to the subject of the action, is legally protectable even if not enforceable, as per *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016). Joanna Burke's interests are as an "affected consumer" who has been subjected to stalking, as well as vile and harassing behavior by Lehman. He has made derogatory statements and has stalked her home while under strict supervision of Texas courts (wearing an ankle monitor). He and left repulsive statements on the front of documents left on her front door and created a website slandering her name and reputation and that of her deceased husband. These are detailed in related proceedings, listed herein, including Case No. 202311266 - KRUCKEMEYER, ROBERT J vs. BLOGGER INC D/B/A LAWIN TEXAS.COM (Court 152), Harris County District Court, Texas, Addendum L, Img # 108883355, 06/27/2023.

Mark Burke is intricately tied to Lehman due to his ongoing vexatious litigation targeting Mark Burke and his business interests. The imminent threat to his home office (residence) as a result of the latest legal maneuver by Lehman directly implicates his business, possessions, civil liberty, and constitutional rights.

As a result, the urgency of the Burke's proposed intervention is evident in the intertwined personal, business, and legal battles. It is necessary that the Burkes obtain intervention in these proceedings as interested parties and affected consumer(s).

**Timeliness of Intervention**

This motion to intervene is timely, in alignment with the contextual nature of the timeliness inquiry (*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)); *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). This case involves a 5-year period tied to the suspended judgment and deferred penalties. The Burkes have filed this motion before that period expires. Their filing also follows Lehman's attempt to domesticate a void judgment of nearly $2 million and his threats to foreclose on the Burkes residence, further emphasizing the urgency of their intervention.

Moreover, recent developments lend further weight to this motion. Following political changes after the 2024 election and the CFPB's 'deactivation', enforcement efforts were significantly delayed or discontinued. Despite these challenges, the Ninth Circuit's recent ruling in *Consumer Financial Protection Bureau v. CashCall, Inc.*, No. 23-55259 (9th Cir. Apr. 24, 2025) confirms that judgments from prior CFPB actions remain enforceable, including restitution. Additionally, the Prehired settlement and June 2025 agreement for relief as discussed earlier only ratify the Burkes position.

**Impairment of Interest Without Intervention**

Without intervention, the Burkes substantial interests — including their rights to restitution and protection from further harm — would be significantly impaired.

Joanna Burke, a former client of CFLA and victim of Lehman's deceptive practices, has a direct stake in the restitution outlined in the CFPB settlement.

Mark Burke faces ongoing litigation and direct challenges to his investigative journalism as a result of Lehman's retaliatory actions, further underscoring the need to safeguard their rights.

13

Adequate representation is lacking due to the CFPB's current standing with the present administration, necessitating intervention to ensure their interests are preserved.

Intervention is crucial to safeguard these interests, as recognized in cases such as *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828-29 (5th Cir. 1967). The Fifth Circuit has established that intervention is warranted when significant interests may be impaired without direct representation. Similarly, the Ninth Circuit in *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006), emphasized that intervention is appropriate where a party demonstrates a substantial interest that risks being impeded or impaired if intervention is denied, particularly when existing parties cannot adequately represent that interest.

The Burkes rights to restitution and protection from Lehman's actions align with these principles, underscoring the necessity of intervention to ensure their interests are preserved.

### Inadequacy of Protection Absent Intervention

The Burkes assert that their interests cannot be adequately protected without intervention. The CFPB, while instrumental in the original settlement, has demonstrated a lack of action in responding to the Burkes requests for assistance.

Relying on the CFPB's 2020 settlement with CFLA and Lehman, the Burkes sought Lehman's current address to address ongoing harassment and retaliatory actions against them. Despite detailing the harm caused by Lehman, including stalking, slander, vexatious litigation, and threats to their residence, the CFPB arranged a phone call with Mark Burke, but during this phone call declined to act on their behalf or provide a current address for Lehman, which had been requested to address these ongoing retaliatory actions.

14

This refusal emphasizes the CFPB's inability or unwillingness to enforce the settlement terms, including securing restitution for affected consumers like Joanna Burke, as outlined in the $3 million judgment.

Mark Burke seeks intervention to ensure proper restitution and protect his financial interests. Lehman's ongoing legal maneuvers — such as his efforts to domesticate a void $2 million judgment through litigation — further highlight the urgency of intervention to safeguard the Burkes rights.

These retaliatory actions directly impact the Burkes property, personal safety, financial well-being, and constitutional rights, necessitating representation beyond what the CFPB can offer.

Judicial precedents strongly support intervention under circumstances where existing parties fail to adequately protect substantial interests.

As established in *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001), intervention ensures that legally protectable interests are represented effectively.

Similarly, *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) underscores that intervention is warranted when a party's interests risk being impaired without direct involvement.

The Burkes unique position as affected consumers and subjects of Lehman's retaliatory actions further demonstrate the inadequacy of protection absent their intervention.

### The CFPB is No Longer a Consumer Watchdog under Trump 47 Administration

The conference between the Burkes and the CFPB highlights the precarious position of the Bureau. It is no longer a consumer watchdog under the current administration which ideally wanted to eliminate the Bureau. Whilst that has resulted in

15

ongoing objections and rejections, a sampling of recent case dismissals by the CFPB

support the Burkes position, and which the court may take judicial notice.

1. *Consumer Financial Protection Bureau v. FirstCash Inc* (4:21-cv-01251)
   District Court, N.D. Texas (ORDER: The Court STAYS all pending deadlines
   in this case and ORDERS that the Parties shall file the appropriate joint
   stipulation of dismissal with prejudice on or before July 14th, 2025. (Ordered
   by Judge Mark Pittman on 5/30/2025) (bdb) (Entered: 05/30/2025)).
2. *Consumer Financial Protection Bureau (CFPB) v. Capital One, National
   Association* (1:25-cv-00061), District Court, E.D. Virginia (Dismissed in a
   month - ORDER (Acknowledging Notice of Dismissal with Prejudice) - the
   Court hereby acknowledges this voluntary dismissal with prejudice, and with
   each party to pay its own costs and attorneys' fees, and DIRECTS the Clerk's
   Office to close the case. Signed by District Judge David J. Novak on
   02/27/2025. (jlan) (Entered: 02/27/2025)).
3. *Consumer Financial Protection Bureau v. Vanderbilt Mortgage and Finance,
   Inc.* (3:25-cv-00004), District Court, E.D. Tennessee (Dismissed after 6 weeks:
   NOTICE of Voluntary Dismissal of case 3:25-cv-00004 by Consumer Financial
   Protection Bureau (Cater, Meghan) (Entered: 02/27/2025).

In conclusion, the CFPB has no desire to seek redress for the Burkes. However, the

Burkes are legally entitled to redress in the absence of the Bureau's assistance by this

intervention.

## Declaration

Pursuant to 28 U.S.C. § 1746, a litigant may submit an unsworn declaration in lieu of a sworn

affidavit as evidence in federal court proceedings, including in opposition to summary judgment.

See *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988) ('Section 1746 allows a

written unsworn declaration, subscribed as true under penalty of perjury, to substitute for an

affidavit.').

This principle has also been upheld in the Ninth Circuit. See *Schwarzer, Tashima &*

*Wagstaffe,* Federal Civil Procedure Before Trial, § 14:131 (The Rutter Group 2025) ('Unsworn declarations under penalty of perjury are permissible under 28 U.S.C. § 1746 and carry the same evidentiary weight as affidavits.').

I, Mark Stephen Burke, my date of birth is June 20, 1967, residing at 46 Kingwood Greens Dr, Kingwood, Texas, 77339, declare under penalty of perjury under the laws of the United States of America that the information contained herein is true and correct.

I, Joanna Burke, my date of birth is November 25, 1938, residing at 46 Kingwood Greens Dr, Kingwood, Texas, 77339, declare under penalty of perjury under the laws of the United States of America that the information contained herein is true and correct.

## Conclusion

For the foregoing reasons, the Burkes respectfully request that this Court grant their (i) motion to reopen the case and (ii) motion to intervene.

The Burkes meet all the legal requirements for intervention as established by relevant judicial precedents, including *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001), and *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Their substantial and legally protectable interests—ranging from restitution as affected consumers to protections from ongoing retaliatory actions—cannot be adequately represented without their direct participation in these proceedings.

The motions are timely, and the Burkes have demonstrated the inadequacy of existing representation, the impairment of their interests without intervention, and the necessity of their involvement to ensure justice is served.

17

With these factors firmly established, the Burkes respectfully urge the Court to grant their

motions, ensuring that justice is achieved and their rights are fully protected as intervenors.


RESPECTFULLY submitted this day, 25th of June, 2025


<u>Mark Burke</u>


<u>Joanna Burke</u>


Harris County, State of Texas
46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (346) 763-2074
Fax: (866) 705-0576
Emails: blog@bloggerinc.org;
joanna@2dobermans.com


**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion and memorandum comply with the applicable

requirements of the Federal Rules of Civil Procedure.


18

## CERTIFICATE OF CONFERENCE

As stated, the original motion was stricken for lack of conference. That procedural defect

is now cured and the communication thread provided as EXHIBIT 1 CONFER. I therefore submit

this motion is made following the conference of counsel pursuant to L.R.7-3 which took place on

April 27, 2025. This motion is in full compliance with Local Rule 7-3. The parties are OPPOSED.

The contact and email addresses are shown below:

BENJAMIN VAUGHN, DC Bar #999347
E-mail: Benjamin.vaughn@cfpb.gov
Phone: (202) 435-7964


GABRIEL HOPKINS, NY Bar #5242300
Email: Gabriel.hopkins@cfpb.gov
Phone: (202) 435-7842
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-7722


LEANNE E. HARTMANN, CA Bar #264787 - Local Counsel
E-mail: Leanne.hartmann@cfpb.gov
301 Howard St., Suite 1200
San Francisco, CA  94105
Phone: (415) 844-9787
Fax: (415) 844-9788

Attorneys for Plaintiff Bureau of Consumer Financial Protection

Andrew Lehman
lehmanlaw2002@gmail.com

957 Nasa Parkway #1102
Houston, Texas, 77058
Tel: 713-903-9690

Defendant/CFLA

Mark Burke
Harris County, State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2025, I uploaded this motion to the court via

EDSS including the proposed order, and serving via email a copy to counsel for the parties,

Mark Burke
Harris County, State of Texas

# EXHIBIT 1 CONFER

 Outlook

---

**RE: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722)
District Court, C.D. California**

---

**From** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>

**Date** Fri 2025-06-06 2:37 PM

**To** Blogger Inc <blog@bloggerinc.org>; Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>;
CFPB_Litigation <CFPB_Litigation@cfpb.gov>

**Cc** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>

Mr. Burke,

The action that CFPB filed against CFLA was a public regulatory action to enforce federal law. It is not the proper
forum for a private plaintiff to pursue individual claims for redress. Redress for individual Affected Consumers was
administered through a claims process overseen by the Bureau that is now closed.

As I noted in my previous response, the Bureau has concluded that you and Ms. Burke do not otherwise meet the
standards for intervention as of right as articulated in the Ninth Circuit, including the element of timeliness. As
there does not appear to be any compromise position between intervention and non-intervention that the parties
could pursue, we consider the obligation to meet and confer under Local Rule 7-3 to have been satisfied as to the
Bureau.

Regards,

Gabriel Hopkins
Senior Litigation Counsel
Enforcement Division
Office: (202) 435-7842 | Mobile: (202) 714-4582

Consumer Financial Protection Bureau
**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail
and any attachments. An inadvertent disclosure is not intended to waive any privileges.

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Thursday, June 5, 2025 2:32 PM
**To:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>; Hartmann, Leanne (CFPB)
<Leanne.Hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722)
District Court, C.D. California

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or report a suspicious email.

Good Afternoon Mr. Hopkins,

**Urgent Response Required – Conference & Prehired Precedent**

This marks the third formal request for your response regarding our conference. Your previous replies remain legally insufficient, and I now anticipate an immediate and professional response.

Additionally, I have followed with great interest the recent communications concerning the Prehired adverse bankruptcy case. As I previously referenced, eleven states have ensured that affected consumers of predatory lending can obtain over $4 million in restitution. Yet, in these proceedings, you persist in denying such relief—even when supported by a California judgment.

Notably:

*"Prehired was in bankruptcy and unable to issue refunds to its victims. In such cases, the CFPB's Civil Penalty Fund is available to compensate harmed victims. See 12 C.F.R. § 1075.103.*

*\*Our offices worked with the CFPB to secure an allocation from the Civil Penalty Fund, in the amount of $4,248,249. The CFPB finalized the allocation on May 30, 2024."\**

Now, the latest developments confirm that the CFPB, Mr. Vought, and President Trump, among others, are fulfilling this agreement—despite prior delays exceeding a year.

I see no legal obstacle to our proposed intervention, which should secure identical relief. Given the clear precedent set by the Prehired settlement and the availability of the Civil Penalty Fund, our position is fully justified.

I expect your timely response.

Sincerely,
Mark Burke

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Wednesday, June 4, 2025 12:28 PM
**To:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>; Hartmann, Leanne (CFPB) <Leanne.hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

Good afternoon Mr Hopkins,

This is your second reminder that your response to our conference is inadequate, in law, and I anticipate a response in a prompt and professional manner.



**Nick Brown**
# ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue ● Suite 2000 ● MS TB-14 ● Seattle WA  98104
(206) 464-7744

May 6, 2025

The Honorable Russell Vought
Acting Director
Consumer Financial Protection Bureau
1700 G St. NW
Washington, DC 20552

Dear Acting Director Vought:

We, the undersigned Attorneys General of Washington, Colorado, Delaware, Illinois, Massachusetts, Minnesota, New York, North Carolina, Ohio, Oregon and South Carolina, and the California Department of Financial Protection and Innovation, write to request the status of—and urge you to prioritize—the distribution of $4.2 million in consumer refunds, which the Consumer Financial Protection Bureau (CFPB) allocated for distribution in the matter of Prehired LLC.

After multiple consumer complaints from different states, our offices and the CFPB began investigating Prehired, a predatory online training "bootcamp" that lured students with a guarantee that they would "land a $60k+ job offer" from a tech company of their choice. Instead of fulfilling this guarantee, Prehired trapped its students with illegal and deceptive "income share" loans. Prehired then resorted to abusive debt collection practices—including filing hundreds of debt collection lawsuits—when students could not repay those loans and the job offers Prehired promised did not materialize. Prehired specifically targeted military veterans with its advertising.

On July 13, 2023, the Attorneys General from Washington, Delaware, Minnesota, Illinois, Wisconsin, Oregon, Massachusetts, North Carolina, South Carolina, and Virginia, along with California's Department of Financial Protection and Innovation, joined the CFPB in filing a bankruptcy court adversary proceeding against Prehired. The enforcement agencies alleged that Prehired violated the Consumer Financial Protection Act, Truth In Lending Act, and Fair Debt Collection Practices Act. On November 20, 2023, the court entered a Stipulated Judgment requiring Prehired to cease all operations, return $4.2 million nationwide to over 660 consumers who made payments on Prehired's loans, and cancel all outstanding loan balances, valued by Prehired at nearly $27 million.

ATTORNEY GENERAL OF WASHINGTON

May 5, 2025
Page 2

Prehired was in bankruptcy and unable to issue refunds to its victims. In such cases, the CFPB's
Civil Penalty Fund is available to compensate harmed victims. *See* 12 C.F.R. § 1075.103. Our
offices worked with the CFPB to secure an allocation from the Civil Penalty Fund, in the amount
of $4,248,249. The CFPB finalized the allocation on May 30, 2024.

Nearly a year has now passed, yet the CFPB still has not issued any consumer checks.
Throughout 2024, we had been in touch with the CFPB and received regular updates regarding
its progress toward distributing these refunds. During this timeframe, we worked with the CFPB
to confirm identities and mailing addresses of eligible victims. However, in early February 2025,
the CFPB stopped providing substantive responses to our inquiries. We have not received any
response to our March 12, 2025 email to your office (copy enclosed) asking about the status of
the distribution.

Prehired's victims include consumers from each of our respective states, as well as Florida,
Texas, Georgia, Pennsylvania, Michigan, and nearly every other state in the nation. These
ambitious aspirants, many of them adults already working in other fields, turned to Prehired to
improve their career prospects and make better lives for themselves and their families. Instead,
they paid thousands of dollars for empty promises and threats of further financial peril from
Prehired.

The CFPB committed to provide relief to these consumers when it made the allocation from the
Civil Penalty Fund. During these increasingly difficult economic times, hundreds of Americans
look to your leadership to deliver on this commitment.

We request that your response include a timeframe in which the CFPB plans to send Civil
Penalty Fund checks to Prehired's victims.

Sincerely,

Nick Brown
Washington Attorney General

Phil Weiser
Colorado Attorney General

Kathleen Jennings
Delaware Attorney General

Kwame Raoul
Illinois Attorney General

ATTORNEY GENERAL OF WASHINGTON

May 5, 2025
Page 3

Andrea Campbell
Massachusetts Attorney General

Keith Ellison
Minnesota Attorney General

Letitia A. James
New York Attorney General

Jeff Jackson
North Carolina Attorney General

Dave Yost
Ohio Attorney General

Dan Rayfield
Oregon Attorney General

Alan Wilson
South Carolina Attorney General

Mary Ann Smith
Deputy Commissioner, Enforcement Division
California Department of Financial Protection
and Innovation

Enclosure

cc:    Mark Paoletta, Chief Legal Officer, CFPB
       James Savage, Senior Counsel, CFPB
       Anya Veledar, Senior Financial Analyst, CFPB

Please note a correction in my email pertaining to Mr Lehman, where I stated, in part: Mr. Lehman was revoked in Texas - this should be read as Mr. Lehman was revoked [motion to, which is pending a hearing and determination] in Texas.

Thank you.

Sincerely,
Mark Burke

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Tuesday, June 3, 2025 2:10 PM
**To:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>; Hartmann, Leanne (CFPB) <Leanne.hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

Good afternoon Mr Hopkins,

This is your first reminder that your response to our conference is inadequate, in law, and I anticipate a response in a prompt and professional manner.

Thank you.

Sincerely,
Mark Burke

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Monday, June 2, 2025 11:06 AM
**To:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>; Hartmann, Leanne (CFPB) <Leanne.hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

Good morning, Mr. Hopkins,

Thank you for your response.

After reviewing the details, I have a couple of questions regarding our recent phone conversation.

**First, addressing the "Affected Consumer" element:**

During our call, I informed you that Mr. Lehman explicitly admitted that Joanna Burke and John Burke qualify as "affected consumers" as defined in your stipulated judgment. Specifically, Paragraph 10 of the stipulated judgment states:

*"A judgment for monetary relief is entered in favor of the Bureau and against Defendants CFLA and Lehman, jointly and severally, in the amount of $3 million for the purpose of providing*

*redress to Affected Consumers." (emphasis added)*

Given this clear designation, what is your position on the refusal to grant an affected consumer access to financial redress? This is both a necessary and timely remedy.

**Second, regarding the claim of "untimeliness":**

What is the intended purpose of a stipulated judgment that includes a five-year revocation period if there is no enforcement?

To illustrate, consider an analogy we discussed during our call: Mr. Lehman was revoked in Texas due to being in a stolen vehicle while in possession of, and under the influence of, a controlled substance—an incident that directly endangered his one-year-old child. This occurred alongside Ms. Monica Riley, who was also revoked and is now serving a five-year prison sentence.

Does a stipulated five-year civil judgment not function in the same manner?

For example, in CFPB v Prehired (adversary proceeding, Delaware Bankruptcy Court), there was also a stipulated final judgment issued in Case 23-50438-JTD, Doc 15, Filed 11/20/23.

I look forward to your clarification on these matters.

Sincerely
Mark Burke

---

**From:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>
**Sent:** Monday, June 2, 2025 7:46 AM
**To:** Blogger Inc <blog@bloggerinc.org>; Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

Mr. Burke,

Thank you for the productive meet and confer conference on April 27. The Bureau does not consent to the proposed motion to reopen and intervene in *Consumer Fin. Protection Bureau v. Certified Forensic Loan Auditors, LLC, et al.*, No. 19-07722, as the standards for intervention under Fed. R. Civ. Pro. 24 have not been satisfied. The proposed intervention is untimely and unwarranted, as the CFPB's regulatory enforcement action was resolved in 2020, and bears no legal relation to Andrew Lehman's private state court action for defamation. Any defenses to the claims in that action are properly presented in that forum, as appropriate.

To the extent you have concerns for your personal safety and that of your mother, we encourage you to contact local law enforcement to address them.

Sincerely,

Gabriel Hopkins

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Thursday, May 29, 2025 3:32:03 PM
**To:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>; Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or report a suspicious email.

Good afternoon

Following our phone conversation on Tuesday 27 May 2025, I note that you were unable to provide an answer to the critical question: Are you opposed to the motion to reopen and intervene? I am now formally requesting an immediate response to this matter.

Additionally, I must bring to your attention the increasingly alarming threats issued by Texas felon on bond, Mr. Lehman, which now include vile and abusive attacks, particularly involving elder abuse. Given the severity of these communications, I have attached the most recent two emails for your review.

Your intervention is imperative to ensure the safety and integrity of those affected by this case, considering his history of violence, stalking, child endaand drug abuse. I expect a confirmation of receipt of this email and a direct update regarding both the motion to reopen and intervene as well as the steps CFPB will take regarding these threats.

This situation demands immediate action, and I trust that CFPB will prioritize its responsibility to address this urgent matter. I await your prompt reply.

Sincerely,
Mark Burke

---

**From:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>
**Sent:** Friday, May 23, 2025 10:23 AM
**To:** Blogger Inc <blog@bloggerinc.org>; Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** RE: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

Great. I will send an invite with a Microsoft Teams link.

Speak to you on Tuesday and Happy Memorial Day.


Regards,


Gabriel Hopkins

Senior Litigation Counsel

Enforcement Division

Office: (202) 435-7842 | Mobile: (202) 714-4582


Consumer Financial Protection Bureau
**consumerfinance.gov**


Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments. An inadvertent disclosure is not intended to waive any privileges.

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Friday, May 23, 2025 9:00 AM
**To:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>; Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California


**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or report a suspicious email.

Good morning Mr Hopkins,


Thank you for your response.  Tuesday, 5/27 at noon is perfect (11AM CST, Houston time).

Should I call your office number or mobile phone number?

Cheers

Mark Burke

---

**From:** Hopkins, Gabriel (CFPB) <Gabriel.Hopkins@cfpb.gov>
**Sent:** Thursday, May 22, 2025 12:50 PM
**To:** Blogger Inc <blog@bloggerinc.org>; Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>; Tucci, Elizabeth (CFPB) <Elizabeth.Tucci@cfpb.gov>
**Subject:** RE: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California

Mr. Burke,

Thank you for your outreach to meet and confer on your proposed motion pursuant to Local Rule 7-3. Bureau counsel is available for a telephonic conference on Tuesday, 5/27, between 12-4pm ET or Wednesday, 5/28, from 9am-1pm or 3-5pm ET. Please let us know if you have availability during these time frames.

Regards,

Gabriel Hopkins

Senior Litigation Counsel

Enforcement Division

Office: (202) 435-7842 | Mobile: (202) 714-4582

Consumer Financial Protection Bureau
**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Thursday, May 22, 2025 1:48 PM
**To:** Hartmann, Leanne (CFPB) <Leanne.Hartmann@cfpb.gov>; Benjamin.vaughn@cfpb.gov; Hopkins, Gabriel
(CFPB) <Gabriel.Hopkins@cfpb.gov>; CFPB_Litigation <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722)
District Court, C.D. California

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless
you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or
report a suspicious email.

Good afternoon,

This is your **fourth** reminder as no response has been received.

**ATTN: CFPB Litigation and Counsel for CFPB**

On Monday, Apr. 28, 2025 I emailed all known counsel in the above proceedings to conference on a
proposed Motion to Intervene.

On Monday, May 12, 2025 I sent a copy of the datestamped court copy to the parties.

On Tuesday, May 13, 2025 the court has elected to strike the motion - in part - as insufficient time for
CFPB to respond.

I now respectfully request either (i) the counsel respond to **my renewed request** to confer, and/or (ii)
assistance from the litigation department at CFPB per your website in obtaining a timely response. See;

**Service of legal documents**

Requirements for service of summonses and legal complaints on the CFPB are set forth at 12 C.F.R. §
1070.5. Requirements for service of subpoenas and other demands or requests directed to the CFPB or
its employees are set forth at 12 C.F.R. § 1070.31. If you are having difficulty serving legal documents
on the CFPB, please email CFPB_Litigation@cfpb.gov.

https://www.consumerfinance.gov/about-us/contact-us/ (last visited Monday, May 19, 2025)

I look forward to hearing from you.


Sincerely

Mark Burke

Intervenor-Plaintiff




---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Wednesday, May 21, 2025 2:20 PM
**To:** Leanne.hartmann@cfpb.gov <Leanne.hartmann@cfpb.gov>;
Benjamin.vaughn@cfpb.gov <Benjamin.vaughn@cfpb.gov>;
Gabriel.hopkins@cfpb.gov <Gabriel.hopkins@cfpb.gov>; CFPB_Litigation@cfpb.gov <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California




---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Tuesday, May 20, 2025 2:22 PM
**To:** Leanne.hartmann@cfpb.gov <Leanne.hartmann@cfpb.gov>;
Benjamin.vaughn@cfpb.gov <Benjamin.vaughn@cfpb.gov>;
Gabriel.hopkins@cfpb.gov <Gabriel.hopkins@cfpb.gov>; CFPB_Litigation@cfpb.gov <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California


Good afternoon,


This is your **second** reminder to my email from yesterday as no response has been received.

**ATTN: CFPB Litigation and Counsel for CFPB**

On Monday, Apr. 28, 2025 I emailed all known counsel in the above proceedings to conference on a proposed Motion to Intervene.

On Monday, May 12, 2025 I sent a copy of the datestamped court copy to the parties.

On Tuesday, May 13, 2025 the court has elected to strike the motion - in part - as insufficient time for CFPB to respond.


I now respectfully request either (i) the counsel respond to ***my renewed request*** to confer, and/or (ii) assistance from the litigation department at CFPB per your website in obtaining a timely response. See;


**Service of legal documents**


Requirements for service of summonses and legal complaints on the CFPB are set forth at 12 C.F.R. § 1070.5. Requirements for service of subpoenas and other demands or requests directed to the CFPB or its employees are set forth at 12 C.F.R. § 1070.31. If you are having difficulty serving legal documents on the CFPB, please email CFPB_Litigation@cfpb.gov.

https://www.consumerfinance.gov/about-us/contact-us/ (last visited Monday, May 19, 2025)


I look forward to hearing from you.


Sincerely

Mark Burke

Intervenor-Plaintiff


---

**From:** Blogger Inc
**Sent:** Monday, May 19, 2025 12:43 PM
**To:** Leanne.hartmann@cfpb.gov <Leanne.hartmann@cfpb.gov>;

Benjamin.vaughn@cfpb.gov <Benjamin.vaughn@cfpb.gov>;
Gabriel.hopkins@cfpb.gov <Gabriel.hopkins@cfpb.gov>; CFPB_Litigation@cfpb.gov <CFPB_Litigation@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722)
District Court, C.D. California

**ATTN: CFPB Litigation and Counsel for CFPB**

On Monday, Apr. 28, 2025 I emailed all known counsel in the above proceedings to conference on a proposed Motion to Intervene.

On Monday, May 12, 2025 I sent a copy of the datestamped court copy to the parties.

On Tuesday, May 13, 2025 the court has elected to strike the motion - in part - as insufficient time for CFPB to respond.

I now respectfully request either (i) the counsel respond to *my renewed request* to confer, and/or (ii) assistance from the litigation department at CFPB per your website in obtaining a timely response. See;

**Service of legal documents**

Requirements for service of summonses and legal complaints on the CFPB are set forth at 12 C.F.R. § 1070.5. Requirements for service of subpoenas and other demands or requests directed to the CFPB or its employees are set forth at 12 C.F.R. § 1070.31. If you are having difficulty serving legal documents on the CFPB, please email CFPB_Litigation@cfpb.gov.

https://www.consumerfinance.gov/about-us/contact-us/ (last visited Monday, May 19, 2025)

I look forward to hearing from you.

Sincerely

Mark Burke

Intervenor-Plaintiff

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Monday, May 12, 2025 11:27 AM
**To:** Leanne.hartmann@cfpb.gov <Leanne.hartmann@cfpb.gov>;
Benjamin.vaughn@cfpb.gov <Benjamin.vaughn@cfpb.gov>;
Gabriel.hopkins@cfpb.gov <Gabriel.hopkins@cfpb.gov>; Andrew Lehman <lehmanlaw2002@gmail.com>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722)
District Court, C.D. California

Good morning,

Please find attached copy of the court's date stamped motion to intervene with proposed order for
your file.

Sincerely,

Mark Burke

---

**From:** Blogger Inc <blog@bloggerinc.org>
**Sent:** Monday, April 28, 2025 1:18 PM
**To:** Leanne.hartmann@cfpb.gov <Leanne.hartmann@cfpb.gov>;
Benjamin.vaughn@cfpb.gov <Benjamin.vaughn@cfpb.gov>;
Gabriel.hopkins@cfpb.gov <Gabriel.hopkins@cfpb.gov>; Andrew Lehman <lehmanlaw2002@gmail.com>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>
**Subject:** Re: Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722)
District Court, C.D. California

Good afternoon,

On behalf of Joanna Burke and myself, I note my earlier email to the CFPB attorneys did not bounce
back, so I assume they are working or being redirected to the relevant legal department. I now add Mr.
Lehman to this email conference.

We'll be filing a motion to reopen and motion to intervene in the above case later today and would
ask if you would reply to this email expressing if you are unopposed or opposed.

Sincerely,

Mark Burke

**From:** Blogger Inc
**Sent:** Monday, April 28, 2025 9:39 AM
**To:** Leanne.hartmann@cfpb.gov <Leanne.hartmann@cfpb.gov>;
Benjamin.vaughn@cfpb.gov <Benjamin.vaughn@cfpb.gov>;
Gabriel.hopkins@cfpb.gov <Gabriel.hopkins@cfpb.gov>
**Cc:** joanna@2dobermans.com <joanna@2dobermans.com>
**Subject:** Bureau of Consumer Financial Protection v. Certified Forensic Loan Auditors, LLC (2:19-cv-07722) District Court, C.D. California


Good morning,


I am writing to ask if you still work for the CFPB as I wish to confer on the above litigation. That stated, I believe it is prudent to check the validity of counsel's emails due to the recent changes at the CFPB.


Please advise by return. Thank you.


Cheers,


Mark Burke

Blogger Inc.